# EXHIBIT A

# INDEX OF STATE
# COURT FILINGS

05/31/2019

Case: 2018530286

| Sequence | Event Date | Court | Description |
|---|---|---|---|
| 1 | 04/30/2018 | D237 | PETITION FILED |
| 2 | 04/30/2018 | D237 | DISCOVERY LEVEL 3 |
| 3 | 04/30/2018 | D237 | REQUEST |
| 4 | 04/30/2018 | D237 | CASE INFORMATION SHEET |
| 5 | 05/01/2018 | D237 | CITATION ISSUED |
| 6 | 05/03/2018 | D237 | CITATION SERVED |
| 7 | 05/30/2018 | D237 | CHECK CASE |
| 8 | 06/12/2018 | D237 | ANSWER RECEIVED |
| 13 | 08/21/2018 | D237 | SCHEDULING ORDER |
| 14 | 12/05/2018 | D237 | NOTICE |
| 15 | 03/01/2019 | D237 | MOTION |
| 16 | 03/01/2019 | D237 | NOTICE |
| 17 | 03/20/2019 | D237 | DESIGNATION OF EXPERT |
| 18 | 03/25/2019 | D237 | MOTION |
| 19 | 03/29/2019 | D237 | MOTIONS/HEARINGS DOCKET |
| 20 | 04/19/2019 | D237 | DESIGNATION OF FACT WITNESS |
| 21 | 04/19/2019 | D237 | DESIGNATION OF EXPERT |
| 22 | 04/19/2019 | D237 | DESIGNATION OF FACT WITNESS |
| 23 | 04/19/2019 | D237 | DOCUMENT |
| 24 | 05/08/2019 | D237 | AMENDED PLEADING |
| 25 | 05/29/2019 | D237 | REPORT |

# EXHIBIT B

**Court Access System**
**Case Events**
Case: 2018530286

05/31/2019

| Sequence | Event Date | Court | Description | Notes |
|---|---|---|---|---|
| 1 | 04/30/2018 | D237 | PETITION FILED | Plaintiff's Original Petition PREPAID |
| 2 | 04/30/2018 | D237 | DISCOVERY LEVEL 3 | |
| 3 | 04/30/2018 | D237 | REQUEST | Civil Process Request |
| 4 | 04/30/2018 | D237 | CASE INFORMATION SHEET | Civil Case Information Sheet |
| 5 | 05/01/2018 | D237 | CITATION ISSUED | CMRR # 9414814901155812197563 PREPAID |
| 6 | 05/03/2018 | D237 | CITATION SERVED | CM SIGNED FOR |
| 7 | 05/30/2018 | D237 | CHECK CASE | CHECK STATUS OF AN ANSWER |
| 8 | 06/12/2018 | D237 | ANSWER RECEIVED | AND RQST FOR DISCLOSURE |
| 13 | 08/21/2018 | D237 | SCHEDULING ORDER | |
| 14 | 12/05/2018 | D237 | NOTICE | Mediation Notice |
| 15 | 03/01/2019 | D237 | MOTION | Entry of Protective Order |
| 16 | 03/01/2019 | D237 | NOTICE | Notice of Submission |
| 17 | 03/20/2019 | D237 | DESIGNATION OF EXPERT | |
| 18 | 03/25/2019 | D237 | MOTION | Joint Motion for Entry of Agre |
| 19 | 03/29/2019 | D237 | MOTIONS/HEARINGS DOCKET | --PASSED BY THE ATTORNEY - CAROLYN DOUGLAS ENTRY OF PROTECTIVE ORDER |
| 20 | 04/19/2019 | D237 | DESIGNATION OF FACT WITNESS | |
| 21 | 04/19/2019 | D237 | DESIGNATION OF EXPERT | |
| 22 | 04/19/2019 | D237 | DESIGNATION OF FACT WITNESS | |
| 23 | 04/19/2019 | D237 | DOCUMENT | Expert Witness CV |
| 24 | 05/08/2019 | D237 | AMENDED PLEADING | Plaintiff's First Amended Pet |
| 25 | 05/29/2019 | D237 | REPORT | Mediation Report |
| 11 | 07/24/2019 | D237 | ALTERNATE DISPUTE RESOLUTION | DEFAULT MEDIATION |
| 10 | 08/30/2019 | D237 | PRE TRIAL | PRE-TRIAL CONF. - JURY TRIAL SET 9-16-19 |
| 9 | 09/16/2019 | D237 | SET FOR TRIAL | JURY TRIAL |
| 12 | 09/16/2019 | D237 | SCHEDULING ORDER | |

# EXHIBIT C

Filed 4/30/2018 4:43 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

CAUSE NO. __2018530286__                                                  **MK**

| | | |
|---|---|---|
| COVENANT HEALTH SYSTEM. | § | IN THE DISTRICT COURT OF |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| GROUP & PENSION ADMINISTRATORS, INC. | § | |
| | § | **237th** |
| DEFENDANT. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff Covenant Medical Center files its Original Petition and Request for Disclosure and respectfully shows the following:

### DISCOVERY LEVEL

1.      Under Rule 190.4 of the Texas Rules of Civil Procedure, this case shall be governed by the Level 3 Discovery Control Plan.

### PARTIES

2.      Plaintiff Covenant Health System ("CHS") d/b/a "Covenant Medical Center and Covenant Medical Center - Lakeside" is a Texas non-profit corporation doing business as a hospital in Lubbock County, Texas.

3.      Defendant Group & Pension Administrators, Inc., ("GPA") is a domestic corporation.  It may be served with process through its registered agent, Mr. Jerry L. McPeters at Park Central 8, 12770 Merit Drive, 2nd Floor, Dallas, TX 75251 wherever else he may be found.

1

## JURISDICTION & VENUE

4.      Because this dispute arises out of GPA'S purposeful acts committed in Texas and the amount in controversy is within the jurisdictional limits of this Court, jurisdiction is proper.

5.      Venue is proper in Lubbock County because all or a substantial part of the events or omissions giving rise to CHS' claims occurred there.

## FACTUAL BACKGROUND

1.      This lawsuit arises out of GPA'S failure to properly reimburse the claims at issue.  Upon information and belief and course of conduct, GPA agreed to be bound by the terms and conditions of the PHCS Facility Participation Agreement between CHS and Private Healthcare Systems, Inc. ("PHCS") effective August 1, 2002, which included paying for health care services rendered to certain individuals at agreed to rates on a timely basis.  Despite its contractual obligations, GPA has refused to pay CHS for the health care services and supplies provided to the patients, which totals $1,487,399.78, exclusive of interest, penalties and attorneys' fees.  However, since GPA did not comply with the terms of the Facility Participation Agreement that provides for discount, GPA should now not be permitted to avail itself to the benefits of the same.  As a result, GPA owes CHS $3,723,469.86.

2.      CHS rendered hospital goods and services to the insureds on multiple admissions.  These insureds were admitted and hospitalized by CHS for treatment at CHS throughout 2014-2017.  Several of these patients needed frequent treatments related for various cancer diagnoses and/or other chronic conditions.  Each insured presented CHS with an insurance card at the time they sought service that indicated it

2

was part of the PHCS Network.  CHS is an in-network provider for PHCS which is the largest primary PPO in the nation.  GPA is the third party administrator for the claims at issue.

3.      All of the patients at issue have GPA insurance cards which reference that they are a part of the PHCS Network.  Moreover, from 2002 forward, CHS and PHCS Network have engaged in numerous negotiations over the terms of the Facility Participation Agreement rates, but it has always been expressed to CHS that as a participant in its network, it would receive payments in accordance with the terms of the Facility Participation Agreement.

4.      Several times throughout the course of each of the GPA insureds' respective treatments, CHS called GPA to verify benefits, confirm network status, and seek authorizations for continued care.  At all relevant times, GPA represented to CHS that its insureds had full coverage for the treatments and services rendered by CHS.

5.      The hospital goods and services at issue were rendered by CHS pursuant to the Facility Participation Agreement.  PHCS is in the business of a providing network and medical management services.  Pursuant to the Facility Participation Agreement, PHCS' members gain access to CHS' hospitals and other health care services.  PHCS' members include various insurance companies, employer health plans, plan sponsors or other similarly situated entities or organizations.  The PHCS members make PHCS' network available to the individuals who participate in their health plans.  Importantly, the Facility Participation Agreement makes the PHCS members responsible for paying CHS in accordance with the pricing set forth in the Facility Participation Agreement.

Defendant GPA is a payor under the Facility Participation Agreement and has agreed to pay for the care rendered by PHCS.

6.      GPA historically performed pursuant to the terms of the Facility Participation Agreement by engaging in the following acts:

      a.  Verifying benefits with CHS personnel;

      b.  Pre-authorizing certain claims;

      c.  Accepting submission of the claim from CHS;

      d.  Processing the claim for payment;

      e.  Repricing the claim pursuant to the fee schedule contract rates in the Facility Participation Agreement;

      f.  Corresponding verbally and in writing with CHS collectors regarding needs for medical records or other additional information for processing the claims; and

      g.  Issuing checks to CHS in payment for the services rendered.

Thus, GPA's typical conduct constitutes performance of the terms of the Facility Participation Agreement.

7.      In the instant case, GPA performed items one through three, but has refused to properly process the claims/issue checks to CHS in payment for the services rendered giving rise to this lawsuit.  To add insult to injury and in violation of the Facility Participation Agreement with PHCS, GPA has sent certain claims out to third party auditors for review.  These reviews are applying vague and confusing criteria to these claims, rather than the contracted-for rates, resulting in gross under-reimbursements. To date, CHS has been paid a mere $271,230.11 for the services rendered, which

4

represents 15% of the contracted amount, and is due at least an additional $1,487,399.78, when accounting for the discounted rate afforded by the Facility Participation Agreement.  However, since GPA did not comply with the terms of the Facility Participation Agreement that provides for discount, GPA should now not be permitted to avail itself to the benefits of a the same.  As a result, GPA owes CHS $3,723,469.86.

## **BREACH OF CONTRACT**

1.      CHS incorporates by reference the allegations of the above paragraphs herein.

2.      Despite CHS' demands for payment, GPA has failed to perform its obligations under the Facility Participation Agreement.  GPA is responsible for paying the charges incurred for the hospitals goods and services rendered to the patients.  GPA breached the Facility Participation Agreement by failing to pay these claims.  As a direct and proximate result of GPA'S breach, CHS has suffered actual damages in the amount of at least $3,723,469.86 and is entitled to recover its damages from GPA.

3.      CHS has demanded payment of this account more than thirty (30) days prior to the date that judgment would be entered in this cause.

4.      All conditions precedent either to GPA'S obligation to pay CHS or to CHS' rights to recover from GPA have been performed, have occurred, or have been excused.

5.      CHS has presented its claim for performance under the Facility Participation Agreement to GPA, but GPA has refused to pay the amount due.  Accordingly, CHS has retained the undersigned attorneys to bring suit to recover the amount owed.

Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, CHS is entitled to an award of the reasonable attorneys' fees incurred herein

## UNJUST ENRICHMENT

6.     CHS incorporates by reference the allegations of the above paragraphs herein.

7.     In the alternative, CHS is entitled to recover the above stated sum from GPA under unjust enrichment and *quantum meruit* causes of action.  CHS earned fees for the hospital goods and services which CHS provided and sold to the GPA patients, and which the GPA patients received from, but for which GPA has not paid.  Thus, the GPA patients accepted these valuable hospital goods and services from CHS and have used and enjoyed their benefits under circumstances that reasonably notified them that CHS expected to be paid by them.  Accordingly, pursuant to unjust enrichment and *quantum meruit* causes of action, CHS is entitled to judgment against GPA for the above-stated principal sum, plus pre-judgment and post-judgment interest thereon, and attorneys' fees and costs pursuant to Sections 38.001, *et. seq.*, of the Texas Civil Practice and Remedies Code.

## COMMON LAW FRAUD, STATUTORY FRAUD, AND FRAUDULENT INDUCEMENT

8.     CHS incorporates by reference the allegations of the above paragraphs herein.

9.     In the alternative, GPA made numerous assurances and representations concerning the network status of the GPA patients and payment status.  These and other omissions, assurances, and representations made by GPA to CHS were material in CHS' decision to render hospital goods and services to the GPA patients.

10.     The omissions, assurances, and representations were misleading and false, and GPA either knew the representations were misleading and false or acted recklessly in making the representations.   CHS relied on GPA'S actions and representations, which has resulted in CHS suffering significant damages that exceed jurisdictional minimums of this Court as a result of GPA'S actions.

<strong><u>NEGLIGENCE AND NEGLIGENT MISREPRESENTATION</u></strong>

11.     CHS incorporates by reference the allegations of the above paragraphs herein.

12.     In the alternative, CHS would show that it is business custom in the healthcare and insurance industries for healthcare providers to call insurance companies or their agents to verify/pre-certify insurance coverage, eligibility, and benefit levels for patients being treated.   Insurance companies and their agents owe duties to healthcare providers to reasonably and adequately investigate the existence of insurance coverage and benefits and submit accurate information to the healthcare provider.

13.     Healthcare providers are without the knowledge or means to gain such knowledge concerning insurance coverage and benefits, and must therefore rely upon the representations of insurance companies or their agents in determining the method and means of being reimbursed for the medical services provided.   Once insurance coverage is "verified" and "certified" by an insurance carrier, as those terms are understood in the industry, other potential avenues of reimbursement, deposits, payment up front, are usually foregone and/or waived due to the existence of commercial insurance coverage.   The healthcare provider must therefore be able to rely upon the insurers' conveyance of accurate, complete, and current eligibility status of

7

their members/insureds and whether the anticipated procedure is a covered procedure under the policy.

14.     The specific representations made by GPA as described above were made to CHS in response to CHS' specific inquiries regarding eligibility and coverage for the specified hospital services and goods provided.  CHS informed GPA it was obtaining this information with respect to providing hospital services and goods to GPA's members/insureds.  CHS relied on the representations provided by GPA.  It was foreseeable that CHS would rely upon the representations and verifications of GPA. CHS had the reasonable expectation of being paid for the valuable services extended to GPA'S members/insureds in good faith.

15.     GPA breached duties owed the CHS as set forth above as GPA failed to exercise reasonable care and competence in conveying true and accurate information concerning eligibility and coverage for the medical services provided.  CHS will show that it has been damaged as a result of Defendant's negligence and negligent misrepresentations.   As a proximate cause of said misrepresentations and mis-verifications, CHS has been damaged in the total amount $3,723,469.86, including interest thereon at the highest legal rate.

## CONDITIONS PRECEDENT

16.     All conditions precedent necessary for each of the foregoing causes of action have occurred, have been performed by CHS, or have been waived.


## PRAYER

17.     WHEREFORE, CHS prays that GPA be cited to appear and answer this lawsuit and for the following:

8

a. That judgment be entered against GPA for CHS' actual damages in the amount of at least  $3,723,469.86 , exclusive of penalties, interest and attorneys' fees;

b. That CHS be awarded its reasonable attorneys' fees and costs of court;

c. That CHS be awarded pre- and post-judgment interest at the highest legal rate; and

d. That CHS be awarded such other and further relief to which it is justly entitled.

## **REQUEST FOR DISCLOSURE**

18.    Under Texas Rule of Civil Procedure 194, GPA is requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

9

Respectfully submitted,

**CLARK HILL STRASBURGER**

**CAROLYN L. DOUGLAS**
State Bar No. 24045800
carrie.douglas@clarkhillstrasburger.com
2301 Broadway Street
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 Fax

**CHARLES "SCOTT" NICHOLS**
Texas Bar No. 14994100
scott.nichols@clarkhillstrasburger.com
909 Fannin Street, Suite 2300
Houston, Texas 77010-4035
(713) 951-5600
(713) 951-5660 Fax

**ATTORNEYS FOR PLAINTIFF
COVENANT HEALTH SYSTEM**

Filed 4/30/2018 4:43 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

## CIVIL/CRIMINAL PROCESS REQUEST

**MK**

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING.
FOR PROTECTIVE ORDERS, FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED.

**CAUSE NUMBER:** 2018530286, _____        **CURRENT COURT:** _____

**TYPE OF INSTRUMENT** (See Reverse for Type): Original Petition        **QUANTITY:** 1

**FILE DATE OF MOTION:** 04/30/18        MONTH / DAY / YEAR

**SERVICE TO BE ISSUED ON:**

1.    NAME: Group & Pension Administrators, Inc.

     ADDRESS: Park Central 8, 12770 Merit Drive, 2nd Floor

     Dallas, TX 75251

     AGENT (If Applicable): Registered Agent, Jerry L. McPeters

**TYPE OF SERVICE / PROCESS TO BE ISSUED** (See Reverse for Specific Type): Citation

**SERVICE BY** (check one):

☐ e-SERVICE      ☐ LUBBOCK CO. CONSTABLE      ☐ LUBBOCK CO. SHERIFF

☐ ATTORNEY PICK-UP      ☑ CERTIFIED MAIL      ☐ MAIL

☐ CIVIL PROCESS SERVER – Authorized Person to Pick-Up: _____ Phone: _____

☐ PUBLICATION      ☐POSTING

☐ OTHER (Please Explain): _____

*DISTRICT ATTORNEY USE ONLY:*

☐ - DA (Name of Person Requesting): _____ EXT: _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Carolyn L. Douglas        TEXAS BAR NO. / ID NO.: 24045800

MAILING ADDRESS: 2301 Broadway

TELEPHONE NUMBER: (210-250-6000) 210-250-6000

*FOR OFFICE USE ONLY:*

☐ - FEES ASSESSED      ☐ - AFFIDAVIT OF INABILITY TO PAY ON FILE      ☐ - URGENT

**INSTRUMENTS TO BE SERVED:**

xxx_____ ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

_____ COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

_____ CROSS-ACTION
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

_____ INTERVENTION
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

_____ INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

_____ INJUNCTION

_____ MOTION TO MODIFY/ENFORCE

_____ SHOW CAUSE ORDER

_____ TEMPORARY RESTRAINING ORDER

**PROCESS TYPE:** (Circle)

**NON WRIT:**
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
        COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

**WRITS:**
ATTACHMENT (PROPERTY)
ATTACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

## CITATION
## THE STATE OF TEXAS

TO:  **Group & Pension Administrators, Inc.**
**By Serving Registered Agent: Jerry L. McPeters**
**Park Central 8, 12770 Merit Drive, 2ⁿᵈ Floor, Dallas, TX 75251**

Defendant Greetings:

### NOTICE

**You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk of the court who issued this citation by 10 o'clock a.m. on the Monday following the expiration of 20 (twenty) days after you have been served this citation and Original Petition and Request for Disclosure, a default judgment may be taken against you.**

Said **Plaintiff's Original Petition and Request for Disclosure** was filed in the **237th District Court** of Lubbock County, Texas, on **April 30, 2018**. The file number of said suit being Cause Number **2018530286**, and styled:

**Covenant Health System,**
*Plaintiff*
**V.**
**Group & Pension Administrators, Inc.,**
*Defendant*

The nature of **Plaintiff's** demand is set out and shown by a true and correct copy of the **Original Petition and Request for Disclosure**, accompanying this citation, and made a part thereof.

Plaintiff is represented by:
**Carolyn L. Douglas, 2301 Broadway, San Antonio, Texas 78215 (210)250-6000**

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lubbock County, Texas, this Tuesday, May 01, 2018, at 11:01 AM.

**01900258794005**
**CISS - CITATION ISSUED**
**Case No: 2018-530,286**

Barbara Sucsy, District Clerk
237th District Court
P.O. Box 10536 (79408)
904 Broadway
Lubbock, Texas 79401

By _Jamie Horton_ Deputy
Jamie Horton

## RETURN OF SERVICE
### CITATION

Issued: May 1, 2018

Lubbock County Cause Number: **2018530286**
**237th District Court**

**Covenant Health System**
**V.**
**Group & Pension Administrators, Inc.**

### VERIFICATION OF DISTRICT CLERK
### CITATION BY CERTIFIED MAIL

Came to hand on <u>**Tuesday, May 01, 2018, at 11:01 AM**</u>, and executed in <u>**Lubbock**</u> County, Texas, by mailing to the defendant, by certified mail, restricted delivery, return receipt requested, a true copy of this Citation together with a copy of the <u>**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**</u>, to wit:

**TO:**    Group & Pension Administrators, Inc.
By Serving Registered Agent: Jerry L. McPeters
Park Central 8, 12770 Merit Drive, 2nd Floor, Dallas, TX  75251

**TRACKING INFORMATION:**

| LUBBOCK COUNTY | | 05/01/18 |
|---|---|---|
| Tracking #: | 94148149011558121975663 | |
| Department: | 286-5-JH | |
| Ship to: | Group & Pension Administrators | |
| Carrier: | POS | |
| Service: | 1F | Weight: 0.150 |
| | Total Charge: | 6.37 |

**DATE MAILED:**                <u>**Tuesday, May 01, 2018**</u>

**CITATION SIGNED FOR BY:** _____

**DATE CITATION WAS SIGNED FOR:** _____

*OR NOT* EXECUTED TO DEFENDANT; The diligence used in finding said defendant, the cause of failing to execute this process and the information received as to the whereabouts of the said defendant, being:

_____

_____

**Barbara Sucsy, District Clerk**
**904 Broadway, Room 105**
**Lubbock, Texas 79401**

By _*Jamie Weston*_  **Deputy**
/   **Deputy Name**

*********PLEASE SEE THE ATTACHED RETURN RECEIPT OR RETURN ENVELOPE*********

# CITATION
# THE STATE OF TEXAS

TO:   **Group & Pension Administrators, Inc.**
**By Serving Registered Agent: Jerry L. McPeters**
**Park Central 8, 12770 Merit Drive, 2nd Floor, Dallas, TX 75251**

Defendant Greetings:

## NOTICE

**You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk of the court who issued this citation by 10 o'clock a.m. on the Monday following the expiration of 20 (twenty) days after you have been served this citation and Original Petition and Request for Disclosure, a default judgment may be taken against you.**

Said **Plaintiff's Original Petition and Request for Disclosure** was filed in the **237th District Court** of Lubbock County, Texas, on **April 30, 2018**. The file number of said suit being Cause Number **2018530286**, and styled:

**Covenant Health System,**
*Plaintiff*
**V.**
**Group & Pension Administrators, Inc.,**
*Defendant*

The nature of **Plaintiff's** demand is set out and shown by a true and correct copy of the **Original Petition and Request for Disclosure**, accompanying this citation, and made a part thereof.

Plaintiff is represented by:
**Carolyn L. Douglas, 2301 Broadway, San Antonio, Texas 78215 (210)250-6000**

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lubbock County, Texas, this Tuesday, May 01, 2018, at 11:01 AM.

**01900258794005**
**CISS - CITATION ISSUED**
**Case No: 2018-530,286**

Barbara Sucsy, District Clerk
237th District Court
P.O. Box 10536 (79408)
904 Broadway
Lubbock, Texas 79401

By _Jamie Horton_ Deputy
Jamie Horton

## RETURN OF SERVICE
## CITATION

Issued: May 1, 2018

Lubbock County Cause Number: **2018530286**
**237th District Court**

**Covenant Health System**
**V.**
**Group & Pension Administrators, Inc.**

## VERIFICATION OF DISTRICT CLERK
## CITATION BY CERTIFIED MAIL

Came to hand on <u>**Tuesday, May 01, 2018, at 11:01 AM**</u>, and executed in **Lubbock** County, Texas, by mailing to the defendant, by certified mail, restricted delivery, return receipt requested, a true copy of this Citation together with a copy of the <u>**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**</u>, to wit:

**TO:**     **Group & Pension Administrators, Inc.**
          **By Serving Registered Agent: Jerry L. McPeters**
          **Park Central 8, 12770 Merit Drive, 2nd Floor, Dallas, TX  75251**

**TRACKING INFORMATION:**

|  |  |  |  |
|---|---|---|---|
| LUBBOCK COUNTY | | | 05/01/18 |
| Tracking #: | 9414814901155812197563 | | |
| Department: | 286-5-JH | | |
| Ship to: | Group & Pension Administrators | | |
| Carrier: | POS | | |
| Service: | 1F | Weight: | 0.150 |
| | | Total Charge: | 6.37 |

**DATE MAILED:**          <u>**Tuesday, May 01, 2018**</u>

**CITATION SIGNED FOR BY:** _____

**DATE CITATION WAS SIGNED FOR:** _____

*OR NOT* EXECUTED TO DEFENDANT; The diligence used in finding said defendant, the cause of failing to execute this process and the information received as to the whereabouts of the said defendant, being:

_____

_____

                              **Barbara Sucsy, District Clerk**
                              **904 Broadway, Room 105**
                              **Lubbock, Texas 79401**

                         By _*Jamie Weston*_ _____ **Deputy**
                              / **Deputy Name**

**********PLEASE SEE THE ATTACHED RETURN RECEIPT OR RETURN ENVELOPE**********

## RETURN OF SERVICE
## CITATION

Issued:  May 1, 2018

Lubbock County Cause Number:  **2018530286**
**237th District Court**

**Covenant Health System**
**V.**
**Group & Pension Administrators, Inc.**

## VERIFICATION OF DISTRICT CLERK
## CITATION BY CERTIFIED MAIL

Came to hand on **Tuesday, May 01, 2018, at 11:01 AM**, and executed in **Lubbock** County, Texas, by mailing to the defendant, by certified mail, restricted delivery, return receipt requested, a true copy of this Citation together with a copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**, to wit:

TO:     **Group & Pension Administrators, Inc.**
        **By Serving Registered Agent: Jerry L. McPeters**
        **Park Central 8, 12770 Merit Drive, 2nd Floor, Dallas, TX  75251**

**TRACKING INFORMATION:**

## CMRR # 9414814901155812197563

DATE MAILED:                          **Tuesday, May 01, 2018**

CITATION SIGNED FOR BY:          *H.T. Goodwin*

DATE CITATION WAS SIGNED FOR:    *5-3-18   12:30pm*

***OR NOT* EXECUTED TO DEFENDANT; The diligence used in finding said defendant, the cause of failing to execute this process and the information received as to the whereabouts of the said defendant, being:**

_____

_____

01900258794006
CSRV - CITATION SERVED
Case No: 2018-530,286

Barbara Sucsy, District Clerk
904 Broadway, Room 105
Lubbock, Texas 79401

By _*Jamie Weston*_ Deputy
    Deputy Name

*********PLEASE SEE THE ATTACHED RETURN RECEIPT OR RETURN ENVELOPE**********

# CITATION
# THE STATE OF TEXAS

TO:   **Group & Pension Administrators, Inc.**
      **By Serving Registered Agent: Jerry L. McPeters**
      **Park Central 8, 12770 Merit Drive, 2ⁿᵈ Floor, Dallas, TX  75251**

Defendant Greetings:

## NOTICE

**You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk of the court who issued this citation by 10 o'clock a.m. on the Monday following the expiration of 20 (twenty) days after you have been served this citation and Original Petition and Request for Disclosure, a default judgment may be taken against you.**

Said **Plaintiff's Original Petition and Request for Disclosure** was filed in the **237th District Court** of Lubbock County, Texas, on **April 30, 2018**. The file number of said suit being Cause Number **2018530286**, and styled:

**Covenant Health System,**
*Plaintiff*
**V.**
**Group & Pension Administrators, Inc.,**
*Defendant*

The nature of **Plaintiff's** demand is set out and shown by a true and correct copy of the **Original Petition and Request for Disclosure**, accompanying this citation, and made a part thereof.

Plaintiff is represented by:
**Carolyn L. Douglas, 2301 Broadway, San Antonio, Texas 78215  (210)250-6000**

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lubbock County, Texas, this Tuesday, May 01, 2018, at 11:01 AM.

Barbara Sucsy, District Clerk
237th District Court
P.O. Box 10536 (79408)
904 Broadway
Lubbock, Texas 79401

By _____ Deputy
     Jamie Horton



Date: May 3, 2018

J HORTON:

The following is in response to your May 3, 2018 request for delivery information on your Certified Mail™/RRE item number 9414814901155812197563.  The delivery record shows that this item was delivered on May 3, 2018 at 12:30 pm in DALLAS, TX 75251. The scanned image of the recipient information is provided below.

Signature of Recipient :   

Address of Recipient :   

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

Filed 6/12/2018 9:59 AM
Barbara Sucsy
District Clerk
Lubbock County, Texas

dm

## CAUSE NO: 2018530286

| | | |
|---|---|---|
| **COVENANT HEALTH SYSTEM** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **GROUP AND PENSION** | § | **LUBBOCK COUNTY, TEXAS** |
| **ADMINISTRATORS, INC.** | § | |
| | § | |
| **DEFENDANT.** | § | **237TH JUDICIAL DISTRICT** |

## DEFENDANT GROUP AND PENSION ADMINISTRATORS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW Group and Pension Administrators, Inc., Defendant ("Defendant") in the above-styled cause, and files this Answer and Affirmative Defenses to Plaintiff's Original Petition and Request for Disclosure, hereby stating as follows:

### GENERAL DENIAL

1.  Defendant generally denies all allegations and claims and demands strict proof thereof in accordance with Texas Rule of Civil Procedure 92.

### CONDITIONS PRECEDENT

2.  Defendant denies the allegations contained in paragraph 16.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

3.  Plaintiff failed to state a claim upon which relief may be granted.

4.  Venue is improper in this Court.

5.  Plaintiff's acceptance of prior payments constitutes an accord and satisfaction of all of Plaintiff's asserted claims.

6.  Plaintiff's claims are barred by the payment doctrine.

1

7.    The relief demanded by Plaintiff will result in unjust enrichment of Plaintiff at Defendant's expense.

8.    Any contract upon which Plaintiff's claims are based is unenforceable because it is not supported by consideration.

9.    Plaintiff is estopped from pursuing these claims against Defendant.

10.   Plaintiff's claims are barred by the doctrine of waiver.

11.   Plaintiff's claims may be preempted by the Employee Retirement Income Security Act of 1974.

WHEREFORE, having fully responded to Plaintiff's Original Petition, Defendant prays as follows:

1.    That Plaintiff's Original Petition be dismissed for failure to state a claim upon which relief may be granted;

2.    That Defendant's defenses be inquired into and that the same be sustained;

3.    That Defendant have judgment in its favor and against the Plaintiff;

4.    That Plaintiff recover nothing against Defendant;

5.    That all costs be taxed against the Plaintiff; and

6.    That this Court enter such other and further relief as it deems just and proper under the circumstances.

**DEFENDANT DEMANDS A TRIAL BY JURY**

Respectfully submitted this 12th day of June, 2018.

**William J. Akins, Esq.**
Texas Bar No. 24011972
william.akins@fisherbroyles.com
**FISHERBROYLES, LLP**
100 Congress Avenue, Suite 2000
Austin, TX 78701
214.924.9504

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned does certify that on the 12th day of June a true and correct copy of the foregoing was served as indicated on the following persons:

Carolyn L. Douglas                          Charles "Scott" Nichols
CLARK HILL STRASBURGER          CLARK HILL STRASBURGER
2301 Broadway Street                       909 Fannin Street, Suite 2300
San Antonio, TX 78215                      Houston, TX 77010
carrie.douglas@clarkhillstrasburger.com    scott.nichols@clarkhillstrasburger.com

William J. Akins, Esq.

3

Filed 8/21/2018 8:43 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

dm

| | |
|---|---|
| COVENANT HEALTH SYSTEM § | IN THE 237TH DISTRICT COURT |
| VS § | OF |
| GROUP & PENSION ADMINISTRATO § | LUBBOCK COUNTY, TEXAS |

### COURT'S SCHEDULING ORDER (LEVEL III)

Based on the information available to the court and on the parties' failure to submit an Agreed Scheduling Order, the Court hereby enters the scheduling order that shall apply to this case. **FAILURE TO APPEAR AT THE PRE-TRIAL MANAGEMENT CONFERENCE OR TRIAL MAY RESULT IN DISMISSAL OF THE CASE FOR WANT OF PROSECUTION.** If no date is set by the Court, or if an issue is not addressed by the Court, the event is to be governed by the Texas Rules of Civil Procedure. The Court ORDERS that the following deadlines shall be met by the parties to this lawsuit:

1. **09/16/2019**   **@   09:00 am**   **TRIAL DATE:** This case shall be tried on this date. If the court cannot reach this case on this date, it will be tried by a visiting judge or by one of the Lubbock County District Judges.

2. **03/20/2019**   **JOINDER:** All parties must be added and served, whether by amendment or third party practice, by this date: THE PARTY CAUSING JOINDER SHALL PROVIDE A COPY OF THIS SCHEDULING ORDER AT THE TIME OF SERVICE.

3. **03/20/2019**   **PLAINTIFF'S EXPERT WITNESSES:** Plaintiff shall list each expert's name, address, and topics of the witness' testimony by this date. Expert reports, if any, of testifying experts shall be furnished to the opposing party within 14 days following this deadline or within 14 days following receipt by the Plaintiff. Unless so provided the witness will not testify and this date will not be extended. Challenges to Plaintiff's experts shall be made at least 90 days before trial.

4. **04/19/2019**   **DEFENDANT'S EXPERT WITNESSES:** Defendant shall list each expert's name, address, and topics of the witness' testimony by this date. Expert reports, if any, of testifying experts shall be furnished to the opposing party within 14 days following this deadline or within 14 days following receipt by the Defendant. Unless so provided the witness will not testify and this date will not be extended. Challenges to Defendant's experts shall be made at least 60 days before trial.

5. **04/19/2019**   **FACT WITNESSES:** A list including the name, address, phone number, and topic of testimony of each fact witness who may be called at trial must be provided by this date. Witnesses not provided as ordered will not be permitted to testify unless good cause is shown.

6. **05/19/2019**   **DISCOVERY DEADLINE:** All discovery requests and deposition notices must be initiated by this date. <u>Counsel may initiate discovery beyond this deadline by agreement but the trial date will not be moved because of incomplete discovery.</u>

7. **06/28/2019**   **DISPOSITIVE MOTIONS:** All motions, that if granted by the court would dispose of part or all of the case, shall be filed by this date. The parties are encouraged to file these motions as early as possible in order to avoid unnecessary costs and delay. This deadline may not be extended without prior approval of the Court.

8. **06/03/2019**   **PLEADINGS:** All amendments must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

9. **05/19/2019**
   (Private Scheduling)
   (Deadline)
   **07/24/2019**
   **@   1:30P.M.**
   (Default Mediation Date)
   **ALTERNATIVE DISPUTE RESOLUTION:** It is anticipated that the parties shall cooperate in an ADR procedure, under the terms and conditions ordered by the Court. Mediation should be scheduled by this date with private mediator or with the Lubbock County Dispute Resolution Center. If mediation is not scheduled by the scheduling deadline date, the mediation will be held on the default mediation date at the time given. You may mediate prior to the default mediation date. However, mediation <u>may not</u> be held after this date or cancelled without prior approval from the Court. Should the parties agree to use a selected neutral for this case, they should notify the Lubbock County Dispute Resolution Center and the Court prior to the scheduling deadline date. Individuals with full authority to settle the case shall attend in person and participate in the mediation. The mediator shall report the outcome of the ADR procedure to the Lubbock County Dispute Resolution Center and the Court consistent with the provisions of the Tex. Civ. Prac. & Rem. Code Ann. Section 154. Contact the Lubbock County Dispute Resolution Center for more information or wait for correspondence from the Master of Dispute Resolution. The Master's letter will be transmitted within 30 days after issuance of this order.

<u>**IF YOU DO NOT APPEAR FOR MEDIATION BEFORE DRC, and/or YOU HAVE NOT CANCELED AT LEAST 24 HOURS IN ADVANCE,** you will be assessed $75.00 as court costs. Notify the Court and the DRC IMMEDIATELY if the case settles.</u>



**L3SO**

01900258794012

10. _08/27/2019_   PRE-TRIAL EXCHANGE DEADLINE: Counsel/Parties shall provide to the Court and all other parties, the following: (1) requested jury charges, (2) motions in limine, (3) exhibit lists containing a description of each exhibit and exhibit number, (4) copies of all exhibits the party intends to offer at trial, marked with exhibit tags and numbers, and, (5) deposition excerpts (counsel/party shall identify each deposition counsel/parties intend to offer at trial, either by video or otherwise, and designate by page and line number those portions of each deposition counsel/party intends to offer at trial). Counsel/parties are ordered to confer prior to the Pre-Trial Hearing and are ordered to attempt to reach agreements and stipulations with regard to matters addressed in motions in limine, admissibility of exhibits and deposition excerpts.

11. _08/30/2019_   PRE-TRIAL MANAGEMENT CONFERENCE: The Court will rule on any pending motions, including objections to motions in limine and deposition excerpts, make preliminary rulings on admissibility of proposed exhibits, @09:00 am   and make any other appropriate order which will aid the Court in trying the case as efficiently as possible.

These trial events are set within a specific time frame to provide for a fair but efficient disposition of the case. Unless otherwise indicated, none of these events can be changed without the Court's approval. The court has set specific dates and will be unwilling to change its Scheduling Order, especially as the case nears the trial date.

SIGNED AND ORDERED ON THIS _21st_ day of _August_, 20_18_.

_____
JUDGE PRESIDING

ATTORNEY(S): ODR;
AKINS, WILLIAM J: 100 CONGRESS AVE, SUITE 2000, AUSTIN, TX 78701
DOUGLAS, CARRIE: 2301 BROADWAY, SAN ANTONIO, TX 78215

ONLY THE ABOVE-LISTED ATTORNEYS AND PARTIES HAVE BEEN NOTIFIED. IT IS THE RESPONSIBILITY OF THE ATTORNEYS TO ENSURE THAT ALL ATTORNEYS IN THE CASE RECEIVE NOTIFICATION OF THE ORDER.

L1SO2

Filed 12/5/2018 12:08 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

dm



Office of Dispute Resolution

December 04, 2018

Carrie Douglas
2301 Broadway
San Antonio, TX 78215-

William Akins
100 Congress Avenue, Ste. 2000
Austin, TX 78701-

Court Ordered mediation has been scheduled.

**Re:**  Covenant Health System vs. Group & Pension Administration
2018-530,286            237th District Court, Lubbock

**Date:**  Wednesday, July 24, 2019 at 1:30 PM

**Location:**  Office of Dispute Resolution
916 Main, Suite 800, Lubbock, Texas

**Assigned Neutral:  Cal Huffaker**

Without an objection to the appointment, the designated mediator will remain as assigned. If all parties agree to engage a mediator outside our system, notice is appreciated, but default mediation dates will remain on our docket until the court received confirmation from the selected mediator of a completed or scheduled private mediation.

Fees are as follows: mediation fee ($100 per party, per hour) and an administrative fee ($50 per party). Payment for mediation services is expected upon completion of the mediation. Credit card payments are acceptable. If there is an inability to pay the mediator fee, please contact our office prior to the mediation.
Per your scheduling order, if you do not appear for mediation and/or you have not canceled your mediation at least 24 hours in advance, you will be assessed a $75.00 fee.

All parties and attorneys are required to sign and adhere to Mediation Rules. If you have any special communication or accommodation needs or questions about the proceedings, please contact our office.

Sincerely,

Gene Valentini
Director

GV/lp

Filed 3/1/2019 8:39 AM
Barbara Sucsy
District Clerk
Lubbock County, Texas

dm

**CAUSE NO. 2018-530,286**

| | | |
|---|---|---|
| **COVENANT HEALTH SYSTEM.** | § | **IN THE DISTRICT COURT OF** |
| **PLAINTIFF,** | § | |
| | § | |
| **vs.** | § | |
| | § | **LUBBOCK COUNTY, TEXAS** |
| **GROUP & PENSION ADMINISTRATORS, INC.** | § | |
| | § | |
| **DEFENDANT.** | § | **237th JUDICIAL DISTRICT** |

**COVENANT HEALTH SYSTEM'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

TO THE HONORABLE DISTRICT JUDGE:

 COMES NOW Covenant Health System ("CHS"), Plaintiff in the above referenced matter, and files this Motion for Entry of Protective Order and respectfully shows as follows:

**I.**  **INTRODUCTION**

 1. This lawsuit arises out of Group & Pension Administrators, Inc.'s ("GPA") failure to properly reimburse medical claims under the Private Healthcare System, Inc. ("PHCS Network") Facility Participation Agreement ("Agreement"). Specifically, GPA agreed to be bound by the terms and conditions of the Agreement which provided for the timely payment of health care services at agreed rates. GPA failed to comply with the terms and conditions of the Agreement; thus, causing CHS at least $3,723,469.86 in damages.

 2. Due to the nature of the suit and the likely exchange of Protected Health Information ("PHI") as defined by the Health Insurance Portability and Accountability Act ("HIPPA"), confidential negotiations related to the Agreement, the Agreement, GPA's course of conduct under the Agreement, and other confidential and protected information, CHS respectfully requests the entry of a Protective Order to prevent the inappropriate disclosure or use of confidential information.

## II.   <u>LEGAL ANALYSIS</u>

3.      The Court has the authority to limit the scope of discovery based on the needs and

circumstances of the case.  TEX. R. CIV. P. 192.4.  Pursuant to Texas Rule of Civil Procedure

192.6, a trial court may issue an order protecting a party from, inter alia, invasion of personal,

constitutional or property rights.  To protect a party, a court may order that "the results of

discovery be sealed or otherwise protected."  TEX. R. CIV . P. 192.6(b)(5).  A protective order is

an appropriate remedy to prevent a party from disclosing or making use of confidential

information.  *In re AEP Texas Cent. Co.*, 128 S.W.3d 687, 694 (Tex. App.—San Antonio 2003,

orig. proceeding).

4.      CHS rendered hospital goods and services to the insureds on multiple admissions.

These insureds were admitted and hospitalized by CHS for treatment at CHS throughout 2014-

2017.  Several of these patients needed frequent treatments related to various cancer diagnoses

and/or other chronic health conditions.  Each insured presented CHS with proof that they were

part of the PHCS Network.

5.      Moreover, from 2002 forward, CHS and PHCS Network have engaged in

numerous negotiations over the terms of the Facility Participation Agreement rates, but it has

always been expressed to CHS that as a participant in its network, it would receive payments in

accordance with the terms of the Agreement.

6.      Several times throughout the course of each of the GPA insureds' respective

treatments, CHS called GPA to verify benefits, confirm network status, and seek authorizations

for continued care.  At all relevant times, GPA represented to CHS that its insureds had full

coverage for the treatments and services rendered by CHS.

2

7.      Per the Agreement, GPA's obligations were: (1) Verifying benefits with CHS personnel; (2) Pre-authorizing certain claims; (3) Accepting submission of the claim from CHS; (4) Processing the claim for payment; (5) Repricing the claim pursuant to the fee schedule contract rates in the Facility Participation Agreement; (6) Corresponding verbally and in writing with CHS collectors regarding needs for medical records or other additional information for processing the claims; and (7) Issuing checks to CHS in payment for the services rendered.

8.  In discovery, it is anticipated that the parties will be exchanging information related to negotiations of the Agreement, the Agreement, GPA's course of conduct under the Agreement, PHI, and other confidential and protected information.  Because of the sensitive nature of the information, a protective order is necessary to prevent the parties from disclosing or making use of confidential information inappropriately.

### III.   CONCLUSION

9.      CHS anticipates the exchange of confidential and protected information.  The entry of a protective order is an appropriate remedy to protect CHS and GPA from disclosing or making use of confidential information inappropriately.  Because CHS has shown good cause for a protective order and because a protective order is an appropriate remedy, CHS respectfully requests that the Court enter the Protective Order attached hereto as Exhibit 1.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Covenant Health System respectfully request that its Motion for Entry of Protective Order be granted, that the Court enter the Protective Order attached hereto as Ex. 1, and that Plaintiff be granted such other and further relief to which it may be justly entitled.

3

Respectfully submitted,

**CLARK HILL STRASBURGER**


*/S/ STEPHEN T. DENNIS*
**CAROLYN L. DOUGLAS**
State Bar No. 24045800
carrie.douglas@clarkhillstrasburger.com
**STEPHEN T. DENNIS**
State Bar No. 24040795
stephen.dennis@clarkhillstrasburger.com
2301 Broadway Street
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 Fax

**CHARLES "SCOTT" NICHOLS**
State Bar No. 14994100
scott.nichols@clarkhillstrasburger.com
909 Fannin Street, Suite 2300
Houston, Texas 77010-4035
(713) 951-5600
(713) 951-5660 Fax

**ATTORNEYS FOR PLAINTIFF
COVENANT HEALTH SYSTEM**

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 1st day of March, 2018, a true and correct copy of the foregoing *Motion For Entry Of Protective Order* was served on the following known counsel of record in compliance with the Texas Rules of Civil Procedure:

> William J. Akins, Esq.
> FISHERBROYLES, LLP
> 100 Congress Avenue, Suite 2000
> Austin, Texas 78701

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that prior to filing this Motion for Entry of Protective Order, counsel for Plaintiff conferred with opposing counsel concerning the contents of this Motion for Entry of Protective Order but that an agreement could not be reached.

> /s/ Stephen T. Dennis
> STEPHEN T. DENNIS

CAUSE NO.   2018-530,286

| | | |
|---|---|---|
| COVENANT HEALTH SYSTEM. | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| GROUP & PENSION ADMINISTRATORS, | § | |
| INC. | § | |
| | § | |
| DEFENDANT. | § | 237th JUDICIAL DISTRICT |

## PROTECTIVE ORDER

The Court has considered Covenant Health System's Motion for Entry of Protective Order. The Court finds and concludes that good cause exists to enter this Protective Order, and the Court therefore ORDERS:

1.      **Scope.** Certain documents or electronically stored information relevant to this litigation (the "Litigation") may contain confidential information, including commercially sensitive or proprietary information, financial or business plan information, physician-patient privileged information, and non-party individuals' health information deemed private under state and federal law, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Such information is referred to herein as "Confidential Information."  The Parties may, however, produce certain Confidential Information for use in the Litigation subject to the terms of this Protective Order.

2.      **Designation of Information.** Any document or electronically stored information produced in discovery may be designated as Confidential Information by marking it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or otherwise identifying the information as Confidential Information at the time of production. Such designation shall be made at the time

# EXHIBIT 1

that copies are furnished to a party conducting discovery, or when such documents are otherwise disclosed.

3.      The Parties may designate information disclosed at a deposition as Confidential Information by indicating on the record at the deposition that a specific portion of testimony is so designated and subject to the terms of this Order or, alternatively, by any Party within 30 days of receipt of the deposition transcript. The court reporter shall stamp the portions of deposition testimony designated as containing Confidential Information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY," and access thereto shall be limited as provided herein. Furthermore, Confidential Information shall not lose its character because it is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "Confidential Information."

4.      **Protected Health Information.** Additionally, certain Confidential Information may be Protected Health Information ("PHI") as defined by HIPAA and the regulations promulgated thereunder. Subject to the rules of procedure governing this action and without prejudice to any Parties' objection except as otherwise provided herein, the Parties are authorized to receive, subpoena, transmit, or disclose PHI relevant to the medical claim at issue in this Litigation, subject to all terms of this Order. All PHI disclosed under this Order must be designated as Confidential Information under paragraph 2 above. This Order does not authorize the disclosure of PHI under any other circumstances.

5.      **Specific Provisions Concerning Disclosure of PHI.** When PHI is disclosed between the Parties as authorized by this Order, the names, dates of birth, and Social Security numbers of any individuals whose medical claims are not at issue in this lawsuit and who are otherwise identified in the PHI may be redacted to protect the identity of the patients, if the

disclosing Party believes that is warranted under the particular circumstances. Upon receipt of any PHI disclosed between the Parties during the course of this Litigation, the receiving Party shall take all measures reasonably necessary for protecting the PHI from unauthorized disclosure as required under both state and federal law including, but not limited to, HIPAA and TEX. INS. CODE §§ 601, 602, *et. seq.* Such measures may include filing PHI under seal and redacting patient names, dates of birth, and Social Security numbers from documents containing PHI.

6.      **Burden of Proof and Challenges to Confidential Information.** The Party designating information, documents, materials, or items as Confidential or Attorneys' Eyes Only bears the burden of establishing confidentiality. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as Confidential or Attorneys' Eyes Only. If a Party contends that any document has been erroneously or improperly designated or not designated Confidential or Attorneys' Eyes Only, the document at issue shall be treated as Confidential or Attorneys' Eyes Only under this Order until (a) the Parties reach a written agreement or (b) the Court issues an order ruling on the designation. In the event that a Party disagrees with a Party's designation of any document or information as Confidential or Attorneys' Eyes Only or disagrees with a Party's failure to designate a document or information as Confidential or Attorneys' Eyes Only, the objecting Party shall advise counsel for the designating Party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within fourteen (14) days of receiving the objection, the designating Party shall advise whether the designating Party will change the designation of the document or item. If this cannot be resolved between the Parties, then the dispute may be presented to the Court by motion.

7.      **Limitations on Designation of Confidential Information as Attorneys' Eyes Only.** Nothing shall be designated as Attorneys' Eyes Only information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties.

8.      **Restrictions on Disclosure.**   All Confidential Information, including PHI, *other than* Confidential Information designated as Attorneys' Eyes Only, produced or disclosed by the Parties in this Litigation shall be subject to the following restrictions:

   a.      such documents, information, and things shall be used only for the purpose of this specific Litigation and not for any other purpose whatsoever;

   b.      such documents, information, and things shall not be shown or communicated in any way inconsistent with this Order or to anyone other than "Qualified Persons," defined below, which persons receiving Confidential Information shall not make further disclosure to anyone except as allowed by this Order; and

   c.      no one except Qualified Persons identified in paragraph 11 shall be provided copies of any Confidential Information.

9.      **Additional Restrictions on Disclosure of Confidential Information Designated as Attorneys' Eyes Only.** Notwithstanding the provisions of paragraph 8, *all* Confidential Information designated as Attorneys' Eyes Only produced or disclosed by the Parties in this Litigation shall be subject to the following restrictions:

   a.      such documents, information and things shall be used only for the purpose of this Litigation and not for any other purpose whatsoever;

   b.      such documents, information and things shall not be shown or communicated in any way inconsistent with this Order or to anyone other than Qualified Persons identified in paragraphs 11(a), 11(b), and 11(c) below, which persons receiving Confidential Information shall not make further disclosure to anyone except as allowed by this Order;

c.     such documents, information and things shall be maintained only at the offices of such Qualified Persons identified in paragraphs 11(a), 11(b), and 11(c) and only working copies shall be made of such documents; and

d.     no one except Qualified Persons identified in paragraphs 11(a), 11(b), and 11(c) shall be provided copies of any Confidential Information.

10.     **The Parties' Right to Use "Confidential Information."** Nothing in this Order shall be construed to limit in any way the right of a Party or its affiliates to use any Confidential Information that it produced (to the other Party) for any purpose that state and federal law would otherwise permit. Nor does this Order prohibit the filing of documents on the ECF filing system that would otherwise be permitted, provided that all PHI and/or other Confidential Information is properly redacted, filed pursuant to a motion to seal, or is otherwise sufficiently protected from disclosure, including compliance with Federal Rule of Civil Procedure 5.2 and any other applicable court rules or orders.

11.     **Qualified Persons**.   "Qualified Persons" means:

a.     the District Judge and any other Judge assigned to this case, personnel of the Court, court reporters, video equipment operators at deposition, and any other judge with jurisdiction over this proceeding or any appeal hereof, including any authorized personnel of such Court, and any mediator selected or agreed-upon by the Parties or assigned in connection with this Litigation;

b.     counsel for the Parties, employees of such counsel (including individuals employed at the law firms of the Parties' respective counsel), in-house counsel, and independent third parties retained by counsel or the Parties to provide services in connection with this Litigation, whose access to Confidential Information is necessary for the purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement, or administration of this Litigation;

c.     third parties retained by counsel for a Party or by a Party as consulting experts or expert witnesses, if any, whose access to Confidential Information is necessary for the purposes of preparation, pretrial discovery and proceedings, trial, or settlement of this Litigation;

d.     any present employee of a named Party to this Litigation whose access to Confidential Information is necessary for purposes of preparation, pretrial

discovery, settlement discussions, and proceedings and trial, of this Litigation;

e.     any past employee of a named Party to this Litigation whose access to Confidential Information is necessary for purposes of preparation, pretrial discovery, settlement discussions, and proceedings and trial, of this Litigation;

f.     witnesses who are appearing for deposition in this case voluntarily or pursuant to a validly issued subpoena, and potential witnesses and persons with knowledge of relevant facts who are preparing for testimony or who assisted the attorneys preparing the case for trial and/or further investigation;

g.     any other person by Order of this Court after notice to all Parties and opportunity to be heard, or as agreed between the Parties, except that the PHI shall only be disclosed in accordance with this Order or further Order of the Court.

12.     **Acknowledgment.** Any Qualified Person identified in paragraph 11 to whom the Confidential Information is shown or to whom information contained in such materials is to be revealed (other than the individuals identified in sub-paragraphs 11(a), 11(b), 11(d), and 11(g)) shall first be required to agree in writing to be bound by the terms of this Order, in the form attached as Exhibit A to this Order, and counsel employing such persons or making such disclosure to such persons shall retain that signed, written agreement. As to each person to whom any information contained in the Confidential Information is revealed or shown pursuant to this Order, such information may be used only for purposes of this Litigation and may not be used for any other purpose.

13.     **Conclusion of the Litigation.**  Upon conclusion of this Litigation, whether by judgment, settlement, or otherwise, counsel of record and each Party, person, and entity who obtained Confidential Information or information claimed to be confidential shall assemble and return to the producing Party all materials that reveal or tend to reveal information designated as Confidential Information, except all such materials constituting work product of counsel. In the

alternative, all such materials shall be destroyed, and the receiving party shall notify the producing party that the destruction has been completed, except that a party may retain Confidential Information generated by it. No originals or copies of any such Confidential Information will be retained by any person or entity to whom disclosure was made. Notwithstanding the foregoing, to the extent any Confidential Information was used throughout the course of this Litigation as an exhibit to a Party's pleadings, motions, and/or depositions, such Confidential Information may be retained by that Party's undersigned counsel of record consistent with his or her ordinary file management and/or document retention policies and/or those of his or her firm.

14. **Retroactive Designation.** Confidential Information previously produced before the entry of this Order, if any, shall be retroactively designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and subject to this Order by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order.

15. **Inadvertent Production or Disclosure of Confidential Information.** In the event that a Party inadvertently produces Confidential Information, without the required "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend, the producing Party shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production, and inform the receiving Party in writing of the inadvertent production and the specific material at issue. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing Party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter. Upon receipt of such notice, the receiving Party or Parties shall treat the material identified in the notice as Confidential or Attorneys' Eyes Only under this Order, subject to the provisions regarding any challenges, if any, to its confidential nature under paragraph 6. Following such notice of an inadvertent production,

the producing Party may also substitute any documents that were inadvertently or unintentionally produced without the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation for documents containing such designation. Upon such a request for substitution, the receiving Party must return the unmarked documents to the producing Party within fourteen (14) days.

16.     **Use of Confidential Information at Trial.** Nothing in this Order shall preclude a Party from offering into evidence at the time of trial or during a hearing any document or information designated as Confidential Information, subject to the rules of evidence and any other Party's objections as to the admissibility or claims of confidentiality of the document or information. The Court may take such measures, as it deems appropriate, to protect the claimed confidential nature of the document or information sought to be admitted and to protect the Confidential Information from disclosure to persons other than those identified in paragraph 11 and who have signed Exhibit A, where necessary, under this Order. If a Party seeks to file unredacted Confidential Information, it shall file that information under seal, and the Parties hereby consent to such filing under seal without the necessity of a motion for leave, unless otherwise required by the Court. PHI shall always be filed, if at all, under seal or further Order of this Court (subject to provisions for appropriate redactions under paragraph 10).

17.     **No Waiver or Modification.** Nothing in this Order shall waive or modify any past, present, or future duty as to confidentiality, if any, which may arise independently whether by contract or otherwise. In addition, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this Litigation.

18.     This Order does not prejudice the right of any Party to apply to the Court for any other or further relief or to object on any appropriate grounds to any discovery requests, including to non-discoverable Confidential Information.

19.  **Future Orders.**  Nothing in this Order shall prohibit the Parties from seeking an

Order of the Court regarding the production or protection of these or other materials in the future.

Signed on this ___ day of _____, 2019.


_____
                          PRESIDING JUDGE

CAUSE NO.  2018-530,286

| | | |
|---|---|---|
| **COVENANT HEALTH SYSTEM.** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **vs.** | § | |
| | § | **LUBBOCK COUNTY, TEXAS** |
| **GROUP & PENSION ADMINISTRATORS,** | § | |
| **INC.** | § | |
| | § | |
| **DEFENDANT.** | § | **237th JUDICIAL DISTRICT** |

**AGREEMENT CONCERNING MATERIAL**
**COVERED BY AGREED PROTECTIVE ORDER**

I have read the Agreed Protective Order entered in this action on _____, 2019,

understand the terms of the Order, and agree to be bound by them.

By:  _____

Name:  _____
(Please print)

Date:  _____

**EXHIBIT A**

Filed 3/1/2019 2:18 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

dm

CAUSE NO.  2018-530,286

| | | |
|---|---|---|
| COVENANT HEALTH SYSTEM. | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| GROUP & PENSION ADMINISTRATORS, | § | |
| INC. | § | |
| | § | |
| DEFENDANT. | § | 237th JUDICIAL DISTRICT |

## NOTICE OF SUBMISSION

**PLEASE TAKE NOTICE** that Covenant Health System's Motion for Entry of Protective Order has been set on the Court's submission docket for the 29th day of March, 2019 at 1:30 p.m. in the 237th Judicial District Court of Lubbock County, Texas.

Respectfully submitted,

**CLARK HILL STRASBURGER**

*/S/ STEPHEN T. DENNIS*
**CAROLYN L. DOUGLAS**
State Bar No. 24045800
carrie.douglas@clarkhillstrasburger.com
**STEPHEN T. DENNIS**
State Bar No. 24040795
stephen.dennis@clarkhillstrasburger.com
2301 Broadway Street
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 Fax

**CHARLES "SCOTT" NICHOLS**
State Bar No. 14994100
scott.nichols@clarkhillstrasburger.com
909 Fannin Street, Suite 2300
Houston, Texas 77010-4035
(713) 951-5600
(713) 951-5660 Fax

**ATTORNEYS FOR PLAINTIFF**
**COVENANT HEALTH SYSTEM**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 1st day of March, 2018, a true and correct copy of the foregoing Notice of Submission was served on the following known counsel of record in compliance with the Texas Rules of Civil Procedure:

William J. Akins, Esq.
FISHERBROYLES, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701


*/s/ Stephen T. Dennis*
Stephen T. Dennis

2

Filed 3/25/2019 4:49 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

CAUSE NO.  2018-530,286

| | | |
|---|---|---|
| COVENANT HEALTH SYSTEM. | § | IN THE DISTRICT COURT OF     TB |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| GROUP & PENSION ADMINISTRATORS, | § | |
| INC. | § | |
| DEFENDANT. | § | 237th JUDICIAL DISTRICT |

**JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER**

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW Covenant Health System ("CHS"), Plaintiff and Defendant Group & Pension Administrators, Inc. ("GPA") and file this Joint Motion for Entry of Agreed Protective Order and respectfully show the Court as follows:

1.       Certain documents and electronically stored information potentially relevant to this litigation contain confidential information, including commercially sensitive or proprietary information, financial or business plan information, physician-patient privileged information, and non-party individual's health information deemed private under state and/or federal law, including the Health Insurance Portability and Accountability Act of 1996 ("HIPPA").

2.       There is a compelling need for protecting the confidentiality of this information, as well as any discoverable, confidential, and proprietary information that is produced, and both parties have agreed to the terms of a proposed protective order submitted herewith, as evidenced by the respective signatures of counsel of record thereon.  Plaintiff and Defendant therefore respectfully request that, upon its consideration, the Court enter the attached proposed Agreed Protective Order, and pray for such other and further relief to which they may be justly entitled.

Respectfully submitted,

**CLARK HILL STRASBURGER**

/S/ STEPHEN T. DENNIS

**CAROLYN L. DOUGLAS**
State Bar No. 24045800
carrie.douglas@clarkhillstrasburger.com
**STEPHEN T. DENNIS**
State Bar No. 24040795
stephen.dennis@clarkhillstrasburger.com
2301 Broadway Street
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 Fax

**CHARLES "SCOTT" NICHOLS**
State Bar No. 14994100
scott.nichols@clarkhillstrasburger.com
909 Fannin Street, Suite 2300
Houston, Texas 77010-4035
(713) 951-5600
(713) 951-5660 Fax

**ATTORNEYS FOR PLAINTIFF
COVENANT HEALTH SYSTEM**

**FISHERBROYLES, LLP**

/S/ WILLIAM AKINS

WILLIAM J. AKINS
State Bar No. 24011972
William.akins@fisherbroyles.com
100 Congress Avenue, Suite 2000
Austin, Texas 78701
(214) 924-9504

**ATTORNEY FOR DEFENDANT
GROUP & PENSION
ADMINISTRATORS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 25th day of March, 2019, a true and correct copy of the foregoing *Joint Motion For Entry Of Agreed Protective Order* was served on the following known counsel of record in compliance with the Texas Rules of Civil Procedure:

William J. Akins, Esq.
FISHERBROYLES, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701

/s/ Stephen T. Dennis
STEPHEN T. DENNIS

CAUSE NO.   2018-530,286

| | | |
|---|---|---|
| COVENANT HEALTH SYSTEM. | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| GROUP & PENSION ADMINISTRATORS, | § | |
| INC. | § | |
| | § | |
| DEFENDANT. | § | 237th JUDICIAL DISTRICT |

## AGREED PROTECTIVE ORDER

The Court has considered the Joint Motion for Entry of Agreed Protective Order filed by Plaintiff Covenant Health System and Defendant Group & Pension Administrators, Inc., referred to collectively as the "Parties." The Court finds and concludes that good cause exists to enter this Agreed Protective Order, and the Court therefore ORDERS:

1.     **Scope.** Certain documents or electronically stored information relevant to this litigation (the "Litigation") may contain confidential information, including commercially sensitive or proprietary information, financial or business plan information, physician-patient privileged information, and non-party individuals' health information deemed private under state and federal law, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Such information is referred to herein as "Confidential Information."  The Parties may, however, produce certain Confidential Information for use in the Litigation subject to the terms of this Protective Order.

2.     **Designation of Information.** Any document or electronically stored information produced in discovery may be designated as Confidential Information by marking it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or otherwise identifying the information as Confidential Information at the time of production. Such designation shall be made at the time

that copies are furnished to a party conducting discovery, or when such documents are otherwise disclosed.

3.     The Parties may designate information disclosed at a deposition as Confidential Information by indicating on the record at the deposition that a specific portion of testimony is so designated and subject to the terms of this Order or, alternatively, by any Party within 30 days of receipt of the deposition transcript. The court reporter shall stamp the portions of deposition testimony designated as containing Confidential Information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY," and access thereto shall be limited as provided herein. Furthermore, Confidential Information shall not lose its character because it is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "Confidential Information."

4.     **Protected Health Information.** Additionally, certain Confidential Information may be Protected Health Information ("PHI") as defined by HIPAA and the regulations promulgated thereunder. Subject to the rules of procedure governing this action and without prejudice to any Parties' objection except as otherwise provided herein, the Parties are authorized to receive, subpoena, transmit, or disclose PHI relevant to the medical claim at issue in this Litigation, subject to all terms of this Order. All PHI disclosed under this Order must be designated as Confidential Information under paragraph 2 above. This Order does not authorize the disclosure of PHI under any other circumstances.

5.     **Specific Provisions Concerning Disclosure of PHI.** When PHI is disclosed between the Parties as authorized by this Order, the names, dates of birth, and Social Security numbers of any individuals whose medical claims are not at issue in this lawsuit and who are otherwise identified in the PHI may be redacted to protect the identity of the patients, if the

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**
4848-7935-7553.1/25788/0225/090718

disclosing Party believes that is warranted under the particular circumstances. Upon receipt of any PHI disclosed between the Parties during the course of this Litigation, the receiving Party shall take all measures necessary for protecting the PHI from unauthorized disclosure as required under both state and federal law including, but not limited to, HIPAA and TEX. INS. CODE §§ 601, 602, *et. seq.* Such measures may include filing PHI under seal and redacting patient names, dates of birth, and Social Security numbers from documents containing PHI.

6.      **Burden of Proof and Challenges to Confidential Information.** The Party designating information, documents, materials, or items as Confidential or Attorneys' Eyes Only bears the burden of establishing confidentiality. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as Confidential or Attorneys' Eyes Only. If a Party contends that any document has been erroneously or improperly designated or not designated Confidential or Attorneys' Eyes Only, the document at issue shall be treated as Confidential or Attorneys' Eyes Only under this Order until (a) the Parties reach a written agreement or (b) the Court issues an order ruling on the designation. In the event that a Party disagrees with a Party's designation of any document or information as Confidential or Attorneys' Eyes Only or disagrees with a Party's failure to designate a document or information as Confidential or Attorneys' Eyes Only, the objecting Party shall advise counsel for the designating Party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within fourteen (14) days of receiving the objection, the designating Party shall advise whether the designating Party will change the designation of the document or item. If this cannot be resolved between the Parties, then the dispute may be presented to the Court by motion.

7.      **Limitations on Designation of Confidential Information as Attorneys' Eyes Only.** Nothing shall be designated as Attorneys' Eyes Only information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties.

8.      **Restrictions on Disclosure.**   All Confidential Information, including PHI, *other than* Confidential Information designated as Attorneys' Eyes Only, produced or disclosed by the Parties in this Litigation shall be subject to the following restrictions:

    a.      such documents, information, and things shall be used only for the purpose of this specific Litigation and not for any other purpose whatsoever;

    b.      such documents, information, and things shall not be shown or communicated in any way inconsistent with this Order or to anyone other than "Qualified Persons," defined below, which persons receiving Confidential Information shall not make further disclosure to anyone except as allowed by this Order; and

    c.      no one except Qualified Persons identified in paragraph 11 shall be provided copies of any Confidential Information.

9.      **Additional Restrictions on Disclosure of Confidential Information Designated as Attorneys' Eyes Only.** Notwithstanding the provisions of paragraph 8, *all* Confidential Information designated as Attorneys' Eyes Only produced or disclosed by the Parties in this Litigation shall be subject to the following restrictions:

    a.      such documents, information and things shall be used only for the purpose of this Litigation and not for any other purpose whatsoever;

    b.      such documents, information and things shall not be shown or communicated in any way inconsistent with this Order or to anyone other than Qualified Persons identified in paragraphs 11(a), 11(b), and 11(c) below, which persons receiving Confidential Information shall not make further disclosure to anyone except as allowed by this Order;

-4-

    c.    such documents, information and things shall be maintained only at the offices of such Qualified Persons identified in paragraphs 11(a), 11(b), and 11(c) and only working copies shall be made of such documents; and

    d.    no one except Qualified Persons identified in paragraphs 11(a), 11(b), and 11(c) shall be provided copies of any Confidential Information.

10.    **The Parties' Right to Use "Confidential Information."** Nothing in this Order shall be construed to limit in any way the right of a Party or its affiliates to use any Confidential Information that it produced (to the other Party) for any purpose that state and federal law would otherwise permit. Nor does this Order prohibit the filing of documents on the ECF filing system that would otherwise be permitted, provided that all PHI and/or other Confidential Information is properly redacted, filed pursuant to a motion to seal, or is otherwise sufficiently protected from disclosure, including compliance with Federal Rule of Civil Procedure 5.2 and any other applicable court rules or orders.

11.    **Qualified Persons**.  "Qualified Persons" means:

    a.    the United States District Judge and any Magistrate Judge assigned to this case, personnel of the Court, court reporters, video equipment operators at deposition, and any other judge with jurisdiction over this proceeding or any appeal hereof, including any authorized personnel of such Court, and any mediator selected or agreed-upon by the Parties or assigned in connection with this Litigation;

    b.    counsel for the Parties, employees of such counsel (including individuals employed at the law firms of the Parties' respective counsel), in-house counsel, and independent third parties retained by counsel or the Parties to provide services in connection with this Litigation, whose access to Confidential Information is necessary for the purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement, or administration of this Litigation;

    c.    third parties retained by counsel for a Party or by a Party as consulting experts or expert witnesses, if any, whose access to Confidential Information is necessary for the purposes of preparation, pretrial discovery and proceedings, trial, or settlement of this Litigation;

    d.    any present employee of a named Party to this Litigation whose access to Confidential Information is necessary for purposes of preparation, pretrial

-5-

discovery, settlement discussions, and proceedings and trial, of this Litigation;

e.    any past employee of a named Party to this Litigation whose access to Confidential Information is necessary for purposes of preparation, pretrial discovery, settlement discussions, and proceedings and trial, of this Litigation;

f.    witnesses who are appearing for deposition in this case voluntarily or pursuant to a validly issued subpoena, and potential witnesses and persons with knowledge of relevant facts who are preparing for testimony or who assisted the attorneys preparing the case for trial and/or further investigation;

g.    any other person by Order of this Court after notice to all Parties and opportunity to be heard, or as agreed between the Parties, except that the PHI shall only be disclosed in accordance with this Order or further Order of the Court.

12.    **Acknowledgment.** Any Qualified Person identified in paragraph 11 to whom the Confidential Information is shown or to whom information contained in such materials is to be revealed (other than the individuals identified in sub-paragraphs 11(a), 11(b), 11(d), and 11(g)) shall first be required to agree in writing to be bound by the terms of this Order, in the form attached as Exhibit A to this Order, and counsel employing such persons or making such disclosure to such persons shall retain that signed, written agreement. As to each person to whom any information contained in the Confidential Information is revealed or shown pursuant to this Order, such information may be used only for purposes of this Litigation and may not be used for any other purpose.

13.    **Conclusion of the Litigation.**   Upon conclusion of this Litigation, whether by judgment, settlement, or otherwise, counsel of record and each Party, person, and entity who obtained Confidential Information or information claimed to be confidential shall assemble and return to the producing Party all materials that reveal or tend to reveal information designated as Confidential Information, except all such materials constituting work product of counsel. In the

-6-

alternative, all such materials shall be destroyed, and the receiving party shall notify the producing party that the destruction has been completed, except that a party may retain Confidential Information generated by it. No originals or copies of any such Confidential Information will be retained by any person or entity to whom disclosure was made. Notwithstanding the foregoing, to the extent any Confidential Information was used throughout the course of this Litigation as an exhibit to a Party's pleadings, motions, and/or depositions, such Confidential Information may be retained by that Party's undersigned counsel of record consistent with his or her ordinary file management and/or document retention policies and/or those of his or her firm.

14.     **Retroactive Designation.**  Confidential Information previously produced before the entry of this Order, if any, shall be retroactively designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and subject to this Order by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order.

15.     **Inadvertent Production or Disclosure of Confidential Information.** In the event that a Party inadvertently produces Confidential Information, without the required "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend, the producing Party shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production, and inform the receiving Party in writing of the inadvertent production and the specific material at issue. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing Party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter. Upon receipt of such notice, the receiving Party or Parties shall treat the material identified in the notice as Confidential or Attorneys' Eyes Only under this Order, subject to the provisions regarding any challenges, if any, to its confidential nature under paragraph 6. Following such notice of an inadvertent production,

-7-

the producing Party may also substitute any documents that were inadvertently or unintentionally produced without the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation for documents containing such designation. Upon such a request for substitution, the receiving Party must return the unmarked documents to the producing Party within fourteen (14) days.

16.     **Use of Confidential Information at Trial.** Nothing in this Order shall preclude a Party from offering into evidence at the time of trial or during a hearing any document or information designated as Confidential Information, subject to the rules of evidence and any other Party's objections as to the admissibility or claims of confidentiality of the document or information. The Court may take such measures, as it deems appropriate, to protect the claimed confidential nature of the document or information sought to be admitted and to protect the Confidential Information from disclosure to persons other than those identified in paragraph 11 and who have signed Exhibit A, where necessary, under this Order. If a Party seeks to file unredacted Confidential Information, it shall file that information under seal, and the Parties hereby consent to such filing under seal without the necessity of a motion for leave, unless otherwise required by the Court. PHI shall always be filed, if at all, under seal or further Order of this Court (subject to provisions for appropriate redactions under paragraph 10).

17.     **No Waiver or Modification.** Nothing in this Order shall waive or modify any past, present, or future duty as to confidentiality, if any, which may arise independently whether by contract or otherwise. Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this Litigation.

18.     This Order does not prejudice the right of any Party to apply to the Court for any other or further relief or to object on any appropriate grounds to any discovery requests, including to non-discoverable Confidential Information.

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.
4848-7935-7553.1/25788/0225/090718

19.    **Future Orders.**   Nothing in this Order shall prohibit the Parties from seeking an

Order of the Court regarding the production or protection of these or other materials in the future.

Signed on this ___ day of _____, 2019.


_____
PRESIDING JUDGE

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**
4848-7935-7553.1/25788/0225/090718

**AGREED:**


/s/ Scott Nichols

Charles Scott Nichols
*scott.nichols@strasburger.com*
STRASBURGER & PRICE, LLP
909 Fannin Street, Suite 2300
Houston, Texas 77010
Carolyn L. Douglas
*carrie.douglas@strasburger.com*
STRASBURGER & PRICE, LLP
2301 Broadway Street
San Antonio, Texas 78215

**ATTORNEYS FOR PLAINTIFF**

/s/ William Akins

William J. Akins
Texas Bar No. 24011972
*William.Akins@fisherbroyles.com*
FISHERBROYLES, LLP
100 Congress Ave, Ste 2000
Austin, TX 78701-2745
(214) 924-9504 - Phone
(214) 481.3768 - Fax

**ATTORNEYS FOR DEFENDANT**

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**
4848-7935-7553.1/25788/0225/090718

CAUSE NO.   2018-530,286

| | | |
|---|---|---|
| COVENANT HEALTH SYSTEM. | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| GROUP & PENSION ADMINISTRATORS, | § | |
| INC. | § | |
| | § | |
| DEFENDANT. | § | 237th JUDICIAL DISTRICT |

**AGREEMENT CONCERNING MATERIAL
COVERED BY AGREED PROTECTIVE ORDER**

     I have read the Agreed Protective Order entered in this action on _____, 2019,

understand the terms of the Order, and agree to be bound by them.


By: _____


Name: _____
                    (Please print)


Date: _____


**EXHIBIT A**

CAUSE NO.  2018-530,286

| | | |
|---|---|---|
| COVENANT HEALTH SYSTEM. | § | IN THE DISTRICT COURT OF |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| GROUP & PENSION ADMINISTRATORS, INC. | § | |
| | § | |
| DEFENDANT. | § | 237th JUDICIAL DISTRICT |

## EXPERT WITNESS LIST OF
## PLAINTIFF COVENANT HEALTH SYSTEM

Plaintiff Covenant Health System ("CHS") designates the following expert witness who may be called to testify on this matter. This designation does not include rebuttal witnesses, the necessity of whose testimony cannot reasonably be anticipated before the commencement of the arbitration proceeding.

**Lindy Lauderdale**
**Vice President**
**Covenant Health System**

**Lana Jones**
**Director, Patient Financial Services**
**Covenant Health System**

***Expected Testimony:***  The witnesses may testify regarding the services rendered to each of the claimants, the amount owed on each of the claimants' accounts, the terms of the PHCS Facility Participation Agreement between CHS and PHCS, GPA's obligations and responsibilities under the Facility Participation Agreement to pay CHS in accordance with the pricing set forth in the Facility Participation and representations made by GPA to CHS regarding payment for services provided to each claimant. Additionally, the witnesses may testify about the usual, reasonable and customary fees charged by similar facilities in the Lubbock region.

**Andrew L. Kerr**
Clark Hill Strasburger
2301 Broadway
San Antonio, TX 78215

***Expected Testimony:*** Mr. Kerr is an attorney licensed to practice law in the State of Texas, and is expected to testify concerning the reasonableness and necessity of the attorneys' fees and costs sought by Plaintiff and which are continuing to accrue while this matter is being litigated. He may also rebut testimony regarding whether fees and expenses paid by Defendant are reasonable and necessary. Mr. Kerr is licensed to practice law in the State of Texas, the federal courts in the State of Texas and in the Fifth Circuit Court of Appeals.

It is expected that Mr. Kerr's testimony will be that the fee agreement between Plaintiff and its counsel is reasonable and appropriate and in accordance with the amounts paid to attorneys with similar experience for similar work in Lubbock County at the time the work was performed. Mr. Kerr will rely upon his knowledge, experience, and training as an attorney and his review of discovery, pleadings, and work performed in the case in developing his opinions.

A copy of Mr. Kerr's Curriculum Vitae can be obtained at www.clarkhillstrasburger.com.

CHS reserves the right to amend this expert witness list and elicit testimony from any expert witnesses designated and/or called by Defendant by live testimony or otherwise.

Respectfully submitted,

**CLARK HILL STRASBURGER**

**CAROLYN L. DOUGLAS**
State Bar No. 24045800
carrie.douglas@clarkhillstrasburger.com
**STEPHEN T. DENNIS**
State Bar No. 24040795
stephen.dennis@clarkhillstrasburger.com
2301 Broadway Street
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 Fax

**CHARLES "SCOTT" NICHOLS**
Texas Bar No. 14994100
scott.nichols@clarkhillstrasburger.com
909 Fannin Street, Suite 2300
Houston, Texas 77010-4035
(713) 951-5600
(713) 951-5660 Fax

**ATTORNEYS FOR PLAINTIFF**
**COVENANT HEALTH SYSTEM**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 20th day of March, 2019, a true and correct copy of the foregoing Expert Witness List of Plaintiff Covenant Health System was served on the following known counsel of record in compliance with the Texas Rules of Civil Procedure:

William J. Akins, Esq.
FISHERBROYLES, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701

**Carolyn L. Douglas**

Filed 4/19/2019 10:47 AM
Barbara Sucsy
District Clerk
Lubbock County, Texas

dm

CAUSE NO.  2018-530,286

| | | |
|---|---|---|
| COVENANT HEALTH SYSTEM. | § | IN THE DISTRICT COURT OF |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| GROUP & PENSION ADMINISTRATORS, INC. | § | |
| | § | |
| DEFENDANT. | § | 237th JUDICIAL DISTRICT |

## FACT WITNESS LIST OF
## PETITIONER COVENANT HEALTH SYSTEM

Petitioner Covenant Health System ("CHS") designates the following fact witnesses who may be called to testify at the trial of this matter.  This designation does not include rebuttal or impeaching witnesses, the necessity of whose testimony cannot reasonably be anticipated before the commencement of the trial proceeding.

| | |
|---|---|
| **Sylvia Thomson** | **Regional Manager, Patient Financial Services for Covenant Health System** |
| **Lana Jones** | **Director, Patient Financial Services for Covenant Health System** |
| ***Expected Testimony:*** | The witnesses may testify regarding the services rendered to each of the claimants, the amount owed on each of the claimants' accounts, the consents of admission the clients signed at the time the services were rendered, the terms of the PHCS Facility Participation Agreement between CHS and PHCS, GPA's obligations and responsibilities to pay CHS in accordance with the pricing set forth in the Facility Participation Agreement and/or under the claimants' respective insurance policies, and representations made by GPA to CHS regarding payment for services provided to each claimant. Additionally, the witnesses may testify about the usual, reasonable and customary fees charged by similar facilities in the Lubbock region. |

Respectfully submitted,

**CLARK HILL STRASBURGER**

**Carolyn L. Douglas**
State Bar No. 24045800
carrie.douglas@clarkhillstrasburger.com
2301 Broadway Street
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 Fax

CHARLES "SCOTT" NICHOLS
Texas Bar No. 14994100
scott.nichols@ clarkhillstrasburger.com
909 Fannin Street, Suite 2300
Houston, Texas 77010-4035
(713) 951-5600
(713) 951-5660 Fax

**ATTORNEYS FOR PETITIONER
COVENANT HEALTH SYSTEM**

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on the 19th day of April, 2019, a true and correct copy of the foregoing was sent via Email to all known parties:

William J. Akins, Esq.
FISHERBROYLES, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701

**Carolyn L. Douglas**

Filed 4/19/2019 5:50 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

dm

**CASE NO: 2018-530,286**

| | | |
|---|---|---|
| **COVENANT HEALTH SYSTEM** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **237th JUDICIAL DISTRICT** |
| | § | |
| **GROUP & PENSION** | § | |
| **ADMINISTRATORS, INC.** | § | **LUBBOCK COUNTY, TEXAS** |

## DEFENDANT GPA'S DESIGNATION OF EXPERT WITNESSES

COMES NOW, Group & Pension Administrators, Inc. (GPA), Defendant in the above-styled action, and files this Designation of Expert Witnesses, showing this Honorable Court as follows:

**I.     Expert Witness Defendant May Call**

Mark Hall
Wake Forest University
School of Law and School of Medicine
Winston-Salem, NC 27109-7206
(336) 758-4476

If called to testify, Mark Hall will testify regarding the reasonable value of the goods and services at issue, including, but not limited to, billing and charging practices in the hospital industry, financial characteristics of the hospital industry, and the hospital market.

A copy of Mr. Hall's Curriculum Vitae is attached hereto as Exhibit A.

**II.     Reservation of Rights**

Defendant reserves the right to designate additional experts as may be required to rebut or refute any experts designated by any other party, or designate additional experts if the current scheduling order and/or trial setting is continued or extended to a later date. In addition, Defendant reserves the right to call as adverse expert witnesses, each and every expert witness identified or who may be identified in the future by any other party.

Respectfully submitted,

/s/ William Akins
WILLIAM J. AKINS
Texas Bar No. 24011972
william.akins@fisherbroyles.com
FISHERBROYLES, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78758
(214) 924-9504—Telephone
(214) 481-3768—Facsimile

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT GPA'S DESIGNATION OF EXPERT WITNESSES** has been served on all counsel of record pursuant to the TEXAS RULES OF CIVIL PROCEDURE via e-mail, facsimile transmission, certified mail, regular mail, or hand delivery on this the 19th day of April 2019:

Carolyn L. Douglas        *Via E-Mail: carrie.douglas@clarkhillstrasburger.com*
Charles "Scott" Nichols     *Via E-Mail: scott.nichols@clarkhillstrasburger.com*
Clark Hill Strasburger
2301 Broadway Street
San Antonio, TX 78215

/s/ William Akins
_____
WILLIAM J. AKINS

CASE NO: 2018-530,286

| | | |
|---|---|---|
| **COVENANT HEALTH SYSTEM** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **237th JUDICIAL DISTRICT** |
| | § | |
| **GROUP & PENSION** | § | |
| **ADMINISTRATORS, INC.** | § | **LUBBOCK COUNTY, TEXAS** |

## DEFENDANT GPA'S DESIGNATION OF FACT WITNESSES

COMES NOW, Group & Pension Administrators, Inc. (GPA), Defendant in the above-styled action, and files this Designation of Fact Witnesses, showing this Honorable Court as follows:

**I.     Fact Witnesses Defendant May Call**

A.  Madalyn Straughn
VP, Operations
GPA
12770 Merit Drive, Suite 200
Park Central 8
Dallas, Texas 75251
If called to testify, the witness is expected to testify (1) neither GPA nor its clients had access to the PPO rates as alleged by Plaintiff in connection with its breach of contract claim; (2) the facts and circumstances surrounding the alleged provision of services to patients covered by health plans funded by clients of GPA do not support any claims for quantum meruit; (3) the records and information accessible to GPA demonstrate GPA did not make any fraudulent or negligent statements upon which plaintiff could have reasonably relied; (4) GPA did not represent or otherwise assure plaintiff that the claims at issue in this case would be paid in accordance with any network rates; (5) GPA acted in accordance with industry custom and standards in all of its dealings with Plaintiff.

B.  Kathy Enochs
Chief Operating Officer
GPA
12770 Merit Drive, Suite 200
Park Central 8
Dallas, Texas 75251
If called to testify, the witness is expected to testify (1) neither GPA nor its clients had access to the PPO rates as alleged by Plaintiff in connection with its breach of contract claim; (2) the facts and circumstances surrounding the alleged provision of services to patients covered by health plans funded by clients of GPA do not support any claims for quantum meruit; (3) the records and information accessible to GPA demonstrate GPA did

not make any fraudulent or negligent statements upon which plaintiff could have reasonably relied; (4) GPA did not represent or otherwise assure plaintiff that the claims at issue in this case would be paid in accordance with any network rates; (5) GPA acted in accordance with industry custom and standards in all of its dealings with Plaintiff.

C. Unknown employees of GPA who allegedly made false, fraudulent, and/or negligent misrepresentation concerning the claims at issue in this case
GPA
12770 Merit Drive, Suite 200
Park Central 8
Dallas, Texas 75251
These employees of GPA are not identified more specifically because the plaintiff has not pled facts or otherwise identified the source of the alleged misrepresentations and/or fraudulent statements; therefore, GPA is not in a position to identify these individuals at this time. If called to testify, it is believed these unidentified individuals would deny making false, fraudulent, and/or negligent misrepresentations.

D. Unknown employees and/or representatives of Plaintiff to whom GPA allegedly made misrepresentations and/or relied on such alleged misrepresentations
These employees and/or representatives of plaintiff are not more specifically identified because Plaintiff has not pled or otherwise identified such individuals; however, if identified and called to testify, these individuals are expected to testify about the alleged communications with GPA and/or the purported reliance on statements by GPA.

E. All fact witnesses identified by Plaintiff
If called to testify, these witnesses are anticipated to testify about Plaintiff's charges, the reasonable value of the goods and services at issue in this case, the alleged representations purportedly made by GPA, and other matters identified in Plaintiff's witness disclosure.

F. Any other of Plaintiff's employees, former employees, agents, representations, vendors, consultants or other third parties necessary to authenticate and testify as to the meaning of documents that have been or are subsequently produced in this case.

## II.  Reservation of Rights

Defendant reserves the right to designate additional witnesses as may be required to rebut or refute any evidence or testimony offered by Plaintiff or any witness. Defendant reserves the right to designate the same or additional fact witnesses upon designation by any other party. Defendant reserves the right to designate additional witnesses if the current scheduling order and/or trial setting is continued or extended to a later date. Finally, Defendant reserves the right

to call as adverse witnesses, each and every potential witness identified or who may be identified in the future by any other party.

Respectfully submitted,

/s/ William Akins

WILLIAM J. AKINS
Texas Bar No. 24011972
william.akins@fisherbroyles.com
FISHERBROYLES, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701
(214) 924-9504—Telephone
(214) 481-3768—Facsimile

**ATTORNEY FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **DEFENDANT GPA'S DESIGNATION OF FACT WITNESSES** has been served on all counsel of record pursuant to the TEXAS RULES OF CIVIL PROCEDURE via e-mail, facsimile transmission, certified mail, regular mail, or hand delivery on this the 19th day of April 2019:

Carolyn L. Douglas               *Via E-Mail: carrie.douglas@clarkhillstrasburger.com*
Charles "Scott" Nichols          *Via E-Mail: scott.nichols@clarkhillstrasburger.com*
Clark Hill Strasburger
2301 Broadway Street
San Antonio, TX 78215


/s/ William Akins
WILLIAM J. AKINS

Filed 4/19/2019 5:50 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

dm

## CASE NO: 2018-530,286

| | | |
|---|---|---|
| **COVENANT HEALTH SYSTEM** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **237th JUDICIAL DISTRICT** |
| | § | |
| **GROUP & PENSION** | § | |
| **ADMINISTRATORS, INC.** | § | **LUBBOCK COUNTY, TEXAS** |

### DEFENDANT GPA'S DESIGNATION OF FACT WITNESSES

COMES NOW, Group & Pension Administrators, Inc. (GPA), Defendant in the above-styled action, and files this Designation of Fact Witnesses, showing this Honorable Court as follows:

**I.   Fact Witnesses Defendant May Call**

A. Madalyn Straughn
VP, Operations
GPA
12770 Merit Drive, Suite 200
Park Central 8
Dallas, Texas 75251
If called to testify, the witness is expected to testify (1) neither GPA nor its clients had access to the PPO rates as alleged by Plaintiff in connection with its breach of contract claim; (2) the facts and circumstances surrounding the alleged provision of services to patients covered by health plans funded by clients of GPA do not support any claims for quantum meruit; (3) the records and information accessible to GPA demonstrate GPA did not make any fraudulent or negligent statements upon which plaintiff could have reasonably relied; (4) GPA did not represent or otherwise assure plaintiff that the claims at issue in this case would be paid in accordance with any network rates; (5) GPA acted in accordance with industry custom and standards in all of its dealings with Plaintiff.

B. Kathy Enochs
Chief Operating Officer
GPA
12770 Merit Drive, Suite 200
Park Central 8
Dallas, Texas 75251
If called to testify, the witness is expected to testify (1) neither GPA nor its clients had access to the PPO rates as alleged by Plaintiff in connection with its breach of contract claim; (2) the facts and circumstances surrounding the alleged provision of services to patients covered by health plans funded by clients of GPA do not support any claims for quantum meruit; (3) the records and information accessible to GPA demonstrate GPA did

not make any fraudulent or negligent statements upon which plaintiff could have reasonably relied; (4) GPA did not represent or otherwise assure plaintiff that the claims at issue in this case would be paid in accordance with any network rates; (5) GPA acted in accordance with industry custom and standards in all of its dealings with Plaintiff.

C. Unknown employees of GPA who allegedly made false, fraudulent, and/or negligent misrepresentation concerning the claims at issue in this case
GPA
12770 Merit Drive, Suite 200
Park Central 8
Dallas, Texas 75251
These employees of GPA are not identified more specifically because the plaintiff has not pled facts or otherwise identified the source of the alleged misrepresentations and/or fraudulent statements; therefore, GPA is not in a position to identify these individuals at this time. If called to testify, it is believed these unidentified individuals would deny making false, fraudulent, and/or negligent misrepresentations.

D. Unknown employees and/or representatives of Plaintiff to whom GPA allegedly made misrepresentations and/or relied on such alleged misrepresentations
These employees and/or representatives of plaintiff are not more specifically identified because Plaintiff has not pled or otherwise identified such individuals; however, if identified and called to testify, these individuals are expected to testify about the alleged communications with GPA and/or the purported reliance on statements by GPA.

E. All fact witnesses identified by Plaintiff
If called to testify, these witnesses are anticipated to testify about Plaintiff's charges, the reasonable value of the goods and services at issue in this case, the alleged representations purportedly made by GPA, and other matters identified in Plaintiff's witness disclosure.

F. Any other of Plaintiff's employees, former employees, agents, representations, vendors, consultants or other third parties necessary to authenticate and testify as to the meaning of documents that have been or are subsequently produced in this case.

## II.    Reservation of Rights

Defendant reserves the right to designate additional witnesses as may be required to rebut or refute any evidence or testimony offered by Plaintiff or any witness. Defendant reserves the right to designate the same or additional fact witnesses upon designation by any other party. Defendant reserves the right to designate additional witnesses if the current scheduling order and/or trial setting is continued or extended to a later date. Finally, Defendant reserves the right

to call as adverse witnesses, each and every potential witness identified or who may be identified in the future by any other party.

Respectfully submitted,

/s/ William Akins
WILLIAM J. AKINS
Texas Bar No. 24011972
william.akins@fisherbroyles.com
FISHERBROYLES, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701
(214) 924-9504—Telephone
(214) 481-3768—Facsimile

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT GPA'S DESIGNATION OF FACT WITNESSES** has been served on all counsel of record pursuant to the TEXAS RULES OF CIVIL PROCEDURE via e-mail, facsimile transmission, certified mail, regular mail, or hand delivery on this the 19th day of April 2019:

Carolyn L. Douglas            *Via E-Mail: carrie.douglas@clarkhillstrasburger.com*
Charles "Scott" Nichols       *Via E-Mail: scott.nichols@clarkhillstrasburger.com*
Clark Hill Strasburger
2301 Broadway Street
San Antonio, TX 78215


/s/ William Akins
WILLIAM J. AKINS

Page 4

Filed 5/8/2019 2:45 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas

CAUSE NO.  2018-530286

dm

| | | |
|---|---|---|
| **COVENANT HEALTH SYSTEM.** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **vs.** | § | |
| | § | **LUBBOCK COUNTY, TEXAS** |
| **GROUP & PENSION ADMINISTRATORS,** | § | |
| **INC.** | § | |
| | § | |
| **DEFENDANT.** | § | **237ᵗʰ JUDICIAL DISTRICT** |

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE**

Plaintiff Covenant Medical Center files its First Amended Original Petition and Request for Disclosure and respectfully shows the following:

**DISCOVERY LEVEL**

1.     Under Rule 190.4 of the Texas Rules of Civil Procedure, this case shall be governed by the Level 3 Discovery Control Plan.

**PARTIES**

2.     Plaintiff Covenant Health System ("CHS") d/b/a "Covenant Medical Center and Covenant Medical Center - Lakeside" is a Texas non-profit corporation doing business as a hospital in Lubbock County, Texas.

3.     Defendant Group & Pension Administrators, Inc., ("GPA") is a domestic corporation and has appeared in the case.  It may be served with process through its counsel of record.

1

## JURISDICTION & VENUE

4.      Because this dispute arises out of GPA'S purposeful acts committed in Texas and the amount in controversy is within the jurisdictional limits of this Court, jurisdiction is proper.

5.      Venue is proper in Lubbock County because all or a substantial part of the events or omissions giving rise to CHS' claims occurred there.

## FACTUAL BACKGROUND

6.      This lawsuit arises out of GPA's failure to properly reimburse the claims at issue. CHS rendered hospital goods and services to GPA's insureds on multiple admissions.  These insureds were admitted and hospitalized by CHS for treatment at CHS throughout 2014-2019. Several of these patients needed emergency care or were otherwise direct admits since their prior facility did not have the ability to render the care they needed.  Compounding the issues, each insured presented CHS with an insurance card at the time they sought service that either indicated it was part of the PHCS Network or was silent as to the network for hospital or facility providers. Thus, many of the patients at issue had no network of hospital providers capable of providing the emergency and inpatient services that the healthcare plans at issue purportedly covered.  Further, in the case of the patients treated under no-network plans, none of the insurance cards provided any guidance as to what the no network level of reimbursement would be.

7.      Rather, and without providing any timely warning or explanation to CHS, GPA adopted a reference based pricing model that supposedly applied to the patients    Under this pricing model, GPA would typically  reimburse CHS anywhere from 112-125% of Medicare for the services rendered.  However, when CHS would receive the remittance advice following performing services, GPA would inexplicably revert back to acknowledging the existence of the

2

PPO network noting that CHS was rendering care as part of a preferred provider organization, and the sole basis for the under-reimbursement would typically be CO 45 which is defined as "Charges exceed **your** contracted/legislated fee arrangements." All taken together, GPA continuously represented that these patients were subject to the PHCS network.

8.     The way GPA administered the various healthcare plans violated both the terms of the healthcare plans and ERISA in the event that the PHCS Facility Agreement does not govern the services rendered.  Since 2014, GPA has elected to pay the respective benefits to CHS on a reference based pricing basis that was some percentage of Medicare rates ranging from 112-125%.  Upon information and belief, the various healthcare plans at issue actually required them to pay CHS one of several, much higher levels of payment, and actually did not mandate the lower percentage of Medicare level of payment.  CHS believes that GPA put no effort into setting specific reference prices for individual procedures at any level that any hospital in the geographic area was willing to accept.  The 112-125% of Medicare paid by GPA for every conceivable medical service rendered represents an inadequate level of payment that no hospital in the greater Lubbock area would accept as payments.  Moreover, GPA did not limit the attempt to apply at referenced based pricing to elective procedures.  Rather, GPA imposed the percentage of Medicare price on claims for emergency, direct ICU admits, inpatient, and outpatient care provided by CHS.  In many of these instances, CHS believes that the healthcare plan benefits allowed for CHS to be reimbursed at an allowed charge at reasonable and customary rates.  Thus, GPA's efforts to implement referenced based pricing were not reasonable and they were not targeted to any level of payment that similarly situated hospitals in the region were willing to accept.

4823-5156-0808.5/B5471/A59963/050819

9.      GPA's actions to date also violate the terms of the Affordable Care Act.  The Departments of Labor, Health and Human Services, and Treasury provided some guidance concerning FAQs about Affordable Care Act Implementation, Part XIX at p. 3-4 available at https://www.cms.gov/CCIIO/Resources/Fact-Sheets-and-FAQs/Downloads/Reference_Pricing_FAQ_101014.pdf)  After summarizing the comments they received, the three agencies set forth the following principles concerning reference based pricing plans:

  a.  They are not to function **as a subterfuge for otherwise prohibited limitations on coverage.** The Departments again reiterated their overarching concern that the reference pricing scheme "does not function as a subterfuge for otherwise prohibited limitations on coverage" – a clear and deliberate reference to ACA's ban on lifetime and annual maximums, and the maximum out of pocket (MOOP).

  b.  Referenced-based pricing is **Inapplicable to the provision of emergency services.** The medical services procedures to which reference pricing applies should be limited to those for which a plan member has an opportunity to make "an informed choice of provider."

  c.  Plans should have procedures to ensure that an adequate number of providers that accept the reference price are available to participants and beneficiaries. For this purpose, plans are encouraged to consider network adequacy approaches developed by States, as well as reasonable geographic distance measures, and whether patient wait times are reasonable. . . ."

  d.  Plans should have procedures to ensure that an adequate number of providers accepting the reference price meet reasonable quality standards."

  e.  "Plans should have an easily accessible exceptions process, allowing services rendered by providers that do not accept the reference price to be treated as if the services were provided by a provider that accepts the reference price. . . ."

  f.  **Disclosure in SPD**. "Plans should provide information regarding the pricing structure, including a list of services to which the pricing structure applies and the exceptions process," in an easily accessible form, such as in the SPD.

10.     These guidelines make clear that any attempt to impose "reference pricing" only in the sense that a plan pays a fixed amount will be found insufficient unless there are additional safeguards for quality and reasonable access which did not take place here.

11.     In addition to the network adequacy issue, as per CHS's normal protocol, each patient signed a "Conditions of Admission" agreement upon admission to CHS whereby he or she

acknowledged his or her respective responsibility to pay not only his or her co-insurance and deductibles, but all amounts not covered by their health plan.  Here, because GPA paid at such an inadequate level, a significant balance bill was almost always generated due to GPA's failure to pay, resulting in the members being held responsible for the amounts outstanding.  In these cases, the healthcare plans deliberately adopted a self-funded plan structure that included NO network of hospital or facility providers who could provide emergency or inpatient hospital care.  Thus, these healthcare plans left their respective members with no adequate options for obtaining these covered medical services from network providers.  Given the questionable set up of these healthcare plans, the failure to maintain a network of hospital facilities that could provide emergency or inpatient care, and the across the line payments, all out-of-pocket cost sharing amounts including CHS' bills must count towards the maximum out of pocket ("MOOP") limit.  Further, after the patient's maximum out of pocket has been met in any given calendar year for any given participant or beneficiary, GPA must pay 100% of the billed charges.

12.    Finally, separate and apart from GPA's numerous violations of the ACA, GPA is also liable to CHS because GPA repeatedly and consistently misrepresented the nature of their members' coverage for important healthcare services.  As noted above, several member cards referenced the non-HSA PHCS network.  In addition, every single remittance advice that was generated for the GPA patients at issue indicated that the patients were subject to a PPO plan and the typical under-reimbursement code CO 45 was defined **as charges exceed your contracted/legislated fee arrangement.**  [emphasis added].

13.    All of these statements and actions amount to representations concerning the networks and gave rise to expectations that GPA was honoring the same.  Several times throughout the course of each of the GPA insureds' respective treatments, CHS called GPA to

5

verify benefits, confirm network status, and seek authorizations for continued care.   At all relevant times, GPA represented to CHS that its insureds had full coverage for the treatments and services rendered by CHS.   Further, at no times was CHS advised during the verifications that referenced based pricing governed the members.   In addition, several of the patients at issue also presented at CHS' emergency department.

14.     The hospital goods and services at issue were rendered by CHS pursuant to either the Facility Participation Agreement with PHCS as statements indicated the network still applied and/or at minimum with the expectation of being reimbursed in at the usual customary and reasonable amount for the greater Lubbock geographical zip code. GPA historically engaged in the following acts:

     a.   Verifying benefits with CHS personnel;

     b.   Pre-authorizing certain claims;

     c.   Accepting submission of the claim from CHS;

     d.   Processing the claim for payment;

     e.   Repricing the claim pursuant to the fee schedule contract rates in the Facility Participation Agreement;

     f.   Corresponding verbally and in writing with CHS collectors regarding needs for medical records or other additional information for processing the claims; and

     g.   Issuing checks to CHS in payment for the services rendered.

15.     GPA knew that these incomplete statements were false at the time they were made, or at least knew that they had no reasonable basis for making them.   GPA made them in the hope that CHS would provide quality care to its members without requiring payment upfront.   GPA

should be required to pay CHS' reimbursement claims consistent with the representations they made when CHS called to verify the patients insurance.

16.     To add insult to injury, GPA has also sent certain claims out to third party auditors for review.  These reviews are applying vague and confusing criteria to these claims, rather than the usual and customary or contracted-for rates, resulting in gross under-reimbursements.  To date, CHS has been paid a mere $331,442.43 for the services rendered, which represents 15% of the expected amount under the PHCS Facility Participation Agreement, and is due at least an additional $1,760,999.57, when accounting for the discounted rate afforded by the Facility Participation Agreement.  However, since GPA claims that there is no network for hospitals and facilities, GPA should now not be permitted to avail itself to the benefits of the same.  As a result, GPA owes CHS $3,723,469.86.

## **BREACH OF CONTRACT**

17.     CHS incorporates by reference the allegations of the above paragraphs herein.

18.     Despite CHS' demands for payment, GPA (1) has failed to perform its obligations under the Facility Participation Agreement for those patients that are subject to the same; and (2) failed to fulfill its obligations for patients who signed Consents of Admissions; specifically, the patients agreed to pay for the hospital charges to the extent that insurance did not cover the same. It is common that CHS' costs exceed the MOOP costs for the patients that are covered by reference based pricing healthcare plans that have no networks for hospital facilities.  GPA is responsible for paying the charges incurred for the hospitals goods and services rendered to the patients.  GPA breached the Facility Participation Agreement and/or the Affordable Care Act by failing to pay these claims.  As a direct and proximate result of GPA'S breach, CHS has suffered

actual damages in the amount of at least $3,723,469.86 and is entitled to recover its damages from GPA.

19.     CHS has demanded payment of this account more than thirty (30) days prior to the date that judgment would be entered in this cause.

20.     All conditions precedent either to GPA's obligation to pay CHS or to CHS' rights to recover from GPA have been performed, have occurred, or have been excused.

21.     CHS has presented its claim for performance to GPA, but GPA has refused to pay the amount due.  Accordingly, CHS has retained the undersigned attorneys to bring suit to recover the amount owed.  Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, CHS is entitled to an award of the reasonable attorneys' fees incurred herein

## UNJUST ENRICHMENT

22.     CHS incorporates by reference the allegations of the above paragraphs herein.

23.     In the alternative, CHS is entitled to recover the above stated sum from GPA under unjust enrichment and *quantum meruit* causes of action.  CHS earned fees for the hospital goods and services which CHS provided and sold to the GPA patients, and which the GPA patients received from, but for which GPA has not paid.  Thus, the GPA patients accepted these valuable hospital goods and services from CHS and have used and enjoyed their benefits under circumstances that reasonably notified them that CHS expected to be paid by them.  Accordingly, pursuant to unjust enrichment and *quantum meruit* causes of action, CHS is entitled to judgment against GPA for the above-stated principal sum, plus pre-judgment and post-judgment interest thereon, and attorneys' fees and costs pursuant to Sections 38.001, *et. seq.*, of the Texas Civil Practice and Remedies Code.

## COMMON LAW FRAUD, STATUTORY FRAUD, AND FRAUDULENT INDUCEMENT

24.     CHS incorporates by reference the allegations of the above paragraphs herein.

8

25.     In the alternative, GPA made numerous assurances and representations concerning the network status of the GPA patients and payment status.   These and other omissions, assurances, and representations made by GPA to CHS were material in CHS' decision to render hospital goods and services to the GPA patients.

26.     The omissions, assurances, and representations were misleading and false, and GPA either knew the representations were misleading and false or acted recklessly in making the representations.   CHS relied on GPA'S actions and representations, which has resulted in CHS suffering significant damages that exceed jurisdictional minimums of this Court as a result of GPA'S actions.

## NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

27.     CHS incorporates by reference the allegations of the above paragraphs herein.

28.     In the alternative, CHS would show that it is business custom in the healthcare and insurance industries for healthcare providers to call insurance companies or their agents to verify/pre-certify insurance coverage, eligibility, and benefit levels for patients being treated. Insurance companies and their agents owe duties to healthcare providers to reasonably and adequately investigate the existence of insurance coverage and benefits and submit accurate information to the healthcare provider.

29.     Healthcare providers are without the knowledge or means to gain such knowledge concerning insurance coverage and benefits, and must therefore rely upon the representations of insurance companies or their agents in determining the method and means of being reimbursed for the medical services provided.   Once insurance coverage is "verified" and "certified" by an insurance carrier, as those terms are understood in the industry, other potential avenues of reimbursement, deposits, payment up front, are usually foregone and/or waived due to the existence of commercial insurance coverage.   The healthcare provider must therefore be able to

9

rely upon the insurers' conveyance of accurate, complete, and current eligibility status of their members/insureds and whether the anticipated procedure is a covered procedure under the policy.

30.     The specific representations made by GPA as described above were made to CHS in response to CHS' specific inquiries regarding eligibility and coverage for the specified hospital services and goods provided.  CHS informed GPA it was obtaining this information with respect to providing hospital services and goods to GPA's members/insureds.  CHS relied on the representations provided by GPA.  It was foreseeable that CHS would rely upon the representations and verifications of GPA.  CHS had the reasonable expectation of being paid for the valuable services extended to GPA'S members/insureds in good faith.

31.     GPA breached duties owed the CHS as set forth above as GPA failed to exercise reasonable care and competence in conveying true and accurate information concerning eligibility and coverage for the medical services provided.  CHS will show that it has been damaged as a result of Defendant's negligence and negligent misrepresentations.  GPA never stated any of the limitations or exclusions at the time CHS was verifying benefits, but GPA has subsequently sought to apply these purported limitations or exclusions to pay far less for the services rendered.  At no point during the verification process  did GPA explain to CHS that the healthcare plans purported to have a limitation or exclusion on benefits whereby the healthcare plans would not pay more that 112-125% of Medicare for all of CHS' services.  As a proximate cause of said misrepresentations and mis-verifications, CHS has been damaged due to GPA's insistence on paying a fraction of the bills for the patients' care which totals $3,723,469.86, including interest thereon at the highest legal rate.

10

32.     CHS brings this cause of action in its own right, and not on behalf of any of its patients.  This cause of action is distinct and separate from ERISA causes of action, and is not preempted by ERISA.

### ERISA SECTION 502(A)(1)(B)

33.     CHS incorporates by reference the allegations of the above paragraphs herein.

34.     In the alternative, pursuant to the "Conditions of Admission" form executed by each GPA insured or beneficiary (and/or a representative of such individual), CHS is the assignee of all benefits under the healthcare plans for each of the claims at issue.  Further, each insured or beneficiary agreed to be financially responsible for the claims at issue to the extent they were not paid in full by the insurer.  Accordingly, CHS is entitled under ERISA to pursue all payments due under the healthcare plans for the medical services rendered to those individuals at CHS.

35.     CHS diligently pursued all internal appeals available under the healthcare plans and exhausted all appeal remedies.  In doing so, CHS corresponded directly with entities and/or individuals that the GPA held out to be the correct persons and/or parties to communicate with regarding the failure to pay the whole bill.

36.     GPA's (a) deliberate disregard of the "Reasonable and Customary" level of payment called for under the healthcare plans and (b) payment of 112-125% of Medicare in each instance was erroneous, arbitrary and capricious and an abuse of discretion, to the extent that GPA was delegated discretion under the healthcare plans.

37.     On information and belief, GPA did not even bother to calculate the "Allowed Amount:" as required under the healthcare plans.  Rather, GPA completely disregarded the Allowed Amount and relied entirely upon the "Claims Review and Audit Program": provisions that were allegedly embedded in the summary plan description.  This was arbitrary and capricious because these provisions do not comport with the healthcare plan definitions of

11

Allowed Amount and/or Reasonable and Customary.  In addition the healthcare plans do not incorporate or ever reference these hidden provisions.  This they are irrelevant to how the reimbursements should be calculated.

38.    The Hospital is entitled it its reasonable attorneys' fees under ERISA given GPA's years long insistence on adhering to unjustifiable interpretations of the Plan.

39.    Finally, CHS reserves all of its rights under ERISA, including the right to balance bill the patients at issue, notwithstanding any language in the plans that purport to force CHS to give up such rights.

## ACA SECTION 2707(B) VIA ERISA SECTION 502(A)(1)(B)

40.    CHS incorporates by reference the allegations of the above paragraphs herein.

41.    CHS proceeds on this cause of action under ERISA pursuant to the assignment of benefits it has obtained from the patients as alleged above as part of the Consents of Admission.

42.    In the alternative, and to the extent that GPA's interpretation of and reliance upon the "Claim Review and Audit" provisions buried deep within the SPD is not held to be an abuse of discretion in violation of ERISA, the healthcare plans have nevertheless been violated for dozens of CHS' benefit claims.  Specifically, the ACA mandates that self-funded ERISA plans offer a MOOP applicable to all essential health benefits ("EHBs") of no more than $6,350 in calendar year 2014, $6,600 in calendar year 2015, $6,850 in calendar year 2016, $7,150 in calendar year 2017, $7,350 in calendar year 2018, and $7,900 in calendar year 2019.

43.    ERISA is an appropriate mechanism for the enforcement of the federal ACA requirements imposed on self-funded ERISA plans.  See, e.g., 29 U.S.C. 1185d (which incorporates the provisions of part A of title XXXVII of the PHS Act including ACA Section 2707, into ERISA).

44.    CHS therefore, and in the alternative, seeks payment for the entire amount charged by CHS that exceeds the applicable MOOP limit in each calendar year in which the MOOP threshold was incurred by any GPA beneficiary or participant.  Because the healthcare plans deliberately chose not to maintain a network of hospital facilities that could provide emergency or inpatient care, all out-of-pocket cost sharing amounts, including balance billing must count towards the MOOP limit.  After the MOOP limit has been met in any given calendar year for any given participant or beneficiary, the healthcare plans must pay 100% of billed charges.

45.    CHS is also entitled to its reasonable attorneys' fees under ERISA.

## CONDITIONS PRECEDENT

46.    All conditions precedent necessary for each of the foregoing causes of action have occurred, have been performed by CHS, or have been waived.

## PRAYER

47.    WHEREFORE, CHS prays that GPA be cited to appear and answer this lawsuit and for the following:

    a.  That judgment be entered against GPA for CHS' actual damages in the amount of at least  $3,723,469.86 , exclusive of penalties, interest and attorneys' fees;

    b.  That CHS be awarded its reasonable attorneys' fees and costs of court;

    c.  That CHS be awarded pre- and post-judgment interest at the highest legal rate; and

    d.  That CHS be awarded such other and further relief to which it is justly entitled.

4823-5156-0808.5/B5471/A59963/050819

## REQUEST FOR DISCLOSURE

48.     Under Texas Rule of Civil Procedure 194, GPA is requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

Respectfully submitted,

**CLARK HILL STRASBURGER**

**CAROLYN L. DOUGLAS**
State Bar No. 24045800
carrie.douglas@clarkhillstrasburger.com
2301 Broadway Street
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 Fax

**CHARLES "SCOTT" NICHOLS**
Texas Bar No. 14994100
scott.nichols@clarkhillstrasburger.com
909 Fannin Street, Suite 2300
Houston, Texas 77010-4035
(713) 951-5600
(713) 951-5660 Fax

**ATTORNEYS FOR PLAINTIFF**
**COVENANT HEALTH SYSTEM**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 8, 2019 a true and correct copy of the foregoing *Plaintiff Covenant Health System's First Amended Petition and Request for Disclosure* was served on the following known counsel of record in compliance with the Texas Rules of Civil Procedure:

William J. Akins, Esq.
FISHERBROYLES, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701

Carolyn L. Douglas

4823-5156-0808.5/B5471/A59963/050819

Filed 5/29/2019 10:41 AM
Barbara Sucsy
District Clerk
Lubbock County, Texas

dm



May 23, 2019

Hon. Les Hatch
237th Judicial District Court
Lubbock County Courthouse
904 Broadway, Suite 606
Lubbock, TX 79401

      **Re:**      *Covenant Health System vs. Group & Pension Administrators, Inc.*
      **Cause No.:**   **2018-530286, 237th Judicial District Court, Lubbock County, Texas**

Dear Judge Hatch:

On May 21, 2019, the parties and their counsel in the above referenced case participated in a mediation session. The case did not settle during the mediation. We will be continuing efforts to assist the resolution of this matter.

For the court's future consideration, I have enclosed a copy of my resume.

It has been a pleasure serving you, your court and the parties in this matter. If I may be of further assistance, please advise.

Sincerely,

Cecilia Hufstedler Morgan
Mediator

cc:    Carolyn Douglas
       Charles Nichols
       Bryan Pollard
       William Atkins