UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| **COVENANT HEALTH SYSTEM,**<br><br>               **Plaintiff,**<br><br>v.<br><br>**GROUP & PENSION ADMINSTRATORS, INC., ET AL.**<br><br>               **Defendants.** | **Civil Action No. 5:19-cv-00103-H** |

## PLAN DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Plan Defendants, Western Dairy Transport, LLC (Western Dairy); the Western Dairy Transport, LLC Pre-Tax Premium Plan (the Western Dairy Plan); Friona Industries, LP (Friona), the Friona Industries, LP Employee Benefit Plan (the Friona Plan); Lori's Gifts, Inc. (Lori's Gifts); the Lori's Gifts Employee Health Plan (the Lori's Gifts Plan); Santa Rosa Telephone Cooperative, Inc. (Santa Rosa); and the Santa Rosa Telephone Cooperative, Inc. Health Care Benefits Plan (the Santa Rosa Plan), reply to the opposition to Plan Defendants' motion to dismiss filed by Plaintiff, Covenant Health System (Covenant).

The Plan Defendants' motion to dismiss was substantially similar to the motion to dismiss filed by GPA because the amended complaint alleges all causes of action against all defendants and suffers from the same deficiencies regardless of the defendant. In its opposition to the Plan Defendants, Covenant chose to rely on its arguments raised in opposition to GPA's motion to dismiss. For the reasons set forth in GPA's reply, those arguments fail and dismissal is appropriate. Like Covenant, the Plan Defendants will not belabor the arguments already addressed in prior briefing involving GPA; instead, Plan Defendants only address those arguments actually raised and developed in the opposition to their motion to dismiss. Covenant raises only two new arguments. First, Covenant contends thast it stated a valid unjust enrichment

1

/ *quantum meruit* claim that is not preempted by ERISA. Second, Covenant contends that it has adequately pled that GPA was acting as Plan Defendants' agents for purposes of the allegedly false and fraudulent statements. These arguments are addressed below, and the Plan Defendants rely on the sound arguments articulated in their motion and GPA's briefing as to all other issues not specifically addressed in Covenant's opposition.

**I.      Covenant Fails to State a Claim for Quantum Meruit Because It Fails to Allege It Provided Services for the Plan Defendants and that Plan Defendants Accepted Services from Covenant**

Covenant simply cannot satisfy all four elements of a quantum meruit claim against the Plan Defendants. The elements of a quantum meruit claim are as follows:

> 1) valuable services were rendered or materials furnished; 2) for the person sought to be charged; 3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; 4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

*Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985). In response to the Plan Defendants' argument that it failed to state a claim for quantum meruit against them, Covenant simply says that "Covenant rendered services under such circumstances that reasonable notified the Plan Defendants that Covenant, in performing the services, expected to be paid by the plans for the services rendered." (Opposition Brief, Doc. No. 28, at p. 3.) Even accepting this as true, this satisfies only the fourth element of the claim. Covenant does not even attempt to and cannot establish services or materials were furnished for the Plan Defendants and were accepted by the Plan Defendants. These are the second and third elements of the claim and without establishing those elements the quantum meruit claim fails. Covenant did not provide services to the Plan Defendants— Covenant provided services to the patients. The Plan Defendants did not accept,

2

use, or enjoy the services provided to the patients. Covenant failed to plead a quantum meruit claim because it is missing the second and third elements.

Covenant's discussion about implied requests and misrepresentations are misplaced because implied requests and misrepresentations are not elements of a quantum meruit claim. Even if such facts may support other claims, they do not support a claim for quantum meruit and Covenant cannot bootstrap its way into the missing elements.

In the motion to dismiss, Plan Defendants anticipated that Covenant would argue that the services provided to the patients were for the benefit of the Plan Defendants because of their obligation to pay benefits under the plan for the services. The Plan Defendants pointed out that this argument would fail for two reasons. First, *Bashara* precludes recovery for such incidental benefits. 685 S.W.2d at 310. Second, to the extent the state law claim for *quantum meruit* is "dependent on, and derived from the rights of the plan beneficiaries to recover benefits under the terms of the plan," *Transitional Hosp. Corp. v. Blue Cross & Blue Shield, Inc.*, 164 F.3d 952 (5th Cir. 1999), it would be preempted. Covenant's reliance on *Transitional* is misplaced because that case involved a misrepresentation claim, not a *quantum meruit* claim. In any event, Covenant did not make the argument Plan Defendants anticipated; instead, <u>Covenant made absolutely no argument that the services were provided for the benefit of the Plan Defendants or that the Plan Defendants accepted the services.</u> Accordingly, the claim for *quantum meruit* should be dismissed.

II. **Covenant Fails to Allege Facts Showing Agency Relationship Between Plan Defendants and GPA for Allegedly False Statements**

In response to the Plan Defendants' argument that Covenant failed to allege facts showing that GPA was their agent for purposes of the allegedly fraudulent statements, Covenant contends that GPA's role as the third party administrator and the fact the same lawyer represents

3

GPA and Plan Defendants demonstrates agency. Neither position is correct, and Covenant does not even attempt to fit its arguments within the well-established rules for proving agency.

"Agency is a legal relationship under which the agent is authorized to act for and on behalf of the principal, and subject to the principal's control." *Coffey v. Fort Wayne Pools*, 24 F. Supp. 2d 671, 677 (N.D. Tex. 1998). Agency cannot be presumed. *Id*. To determine whether agency exists, the manifestations between the alleged principal and agent are dispositive. *Id.* There is no principle of law that makes one party the agent of another simply because they have common legal representation in a particular case. Covenant cites no authority for this outlandish proposition. The fact of common legal representation is not telling, it is irrelevant. Moreover, the fact that GPA engaged in certain dealings with Covenant does not in any way establish agency between GPA and Plan Defendants. *See id.* (holding manifestations between alleged principal and agent are dispositive as to agency). <u>As the amended complaint is devoid of any allegations concerning manifestations between GPA and the Plan Defendants as to the allegedly false statements, Covenant has failed to plead agency</u>; therefore, the fraud and negligent misrepresentation claims against the Plan Defendants must be dismissed.

For the reasons set forth above, the arguments set forth in the Plan Defendants motion to dismiss, and the reasons explained in GPA's reply in support of its motion to dismiss, the Court should dismiss the Plan Defendants from this case.

Respectfully submitted this 2nd day of January, 2020.

_____
**William J. Akins, Esq.**
Texas Bar No. 24011972
william.akins@fisherbroyles.com
**FISHERBROYLES, LLP**
100 Congress Avenue, Suite 2000
Austin, TX 78701
214.924.9504

**ATTORNEY FOR DEFENDANT**

5

## **CERTIFICATE OF SERVICE**

      The undersigned does certify that on the 2nd day of January, 2020, a true and correct copy of the foregoing was served as indicated on the following persons:

| | |
|---|---|
| Carolyn L. Douglas | Charles "Scott" Nichols |
| CLARK HILL STRASBURGER | CLARK HILL STRASBURGER |
| 2301 Broadway Street | 909 Fannin Street, Suite 2300 |
| San Antonio, TX 78215 | Houston, TX 77010 |
| carrie.douglas@clarkhillstrasburger.com | scott.nichols@clarkhillstrasburger.com |

                                                 William J. Akins, Esq.